## TRUSTEES OF THE FREE SCHOOLS IN THE SOUTH PARISH IN ANDOVER *vs.* JOHN FLINT.

When neither the charter of a corporation, nor any general statute, imposes on the individual members a liability to pay its debts, such liability cannot be imposed by a by-law of the corporation.

In an action of assumpsit against a member of a corporation, brought by one of its creditors to recover money lent to it, evidence is not admissible to prove that the defendant informed other creditors, when they lent money to the corporation, that its members were individually liable for its debts, and showed them a by-law of the corporation imposing such liability.

An oral promise of a member of a corporation to pay its debts will not bind him; such promise being within the statute of frauds.

THIS was an action of assumpsit, to recover the amount of the following note: "Andover, August 1st 1836. The Andover Mechanic Association, for value received, promise to pay to the Trustees of the Free Schools in the South Parish in Andover, or their order, three hundred ninety eight dol.. lars, forty one cents, on demand with interest. John Flint, Treasurer." On the back of this note were six indorsements of a year's interest; the last indorsement bearing date October 4th 1842.

The parties submitted the case to the court upon the following agreed statement of facts: The plaintiffs were incorporated by *St.* 1801, *c.* 9. The Andover Mechanic Association was incorporated by *St.* 1821, *c.* 40, "with power," among other things, "to make by-laws for the management of said corporation and its funds, and to have all the privileges usually given, by acts of incorporation, to charitable societies." On the 27th of February 1822, at a meeting of said association, certain by-laws were adopted, which were afterwards printed and distributed, the eleventh article of which was in these words: "The members of this association pledge themselves, in their individual as well as their collective capacity, to be responsible for all moneys loaned to this association, and for payment of which the treasurer may have given his obligation agreeably to the direction of the directors."

The plaintiffs recovered judgment against said association,

on the note which is now sought to be enforced against the defendant, and took out execution on said judgment, which execution was returned wholly unsatisfied, before the commencement of this action. Before this action was commenced, to wit, on the 16th of October 1845, the plaintiffs made a demand on the defendant, as a member of said association, to pay the sum now sought to be recovered. The defendant has been a member of said association from the time of its organization to the present time, and was treasurer thereof from its organization to the 1st of January 1840. The number of the members of said association is about thirty.

The plaintiffs offer to prove, (if the proof be admissible,) by one witness, that she was a creditor of said association; that her demand remained unpaid ; that when she lent money to said association, the defendant was treasurer ; that she inquired of him as to the security of said corporation, and that he, in reply, informed her that the individual members of said association were liable for its debts; and that the same statement was made to her by the defendant's successor in the office of treasurer.

The plaintiffs also offer to prove by another creditor of said corporation, that when he made a loan to said corporation, the defendant was treasurer, and that he stated to the witness that he considered the individual members of the corporation liable for its debts, and at the same time furnished the witness with a copy of the said by-laws : That the witness gave said copy to another person, who will testify that he afterwards made a loan to said corporation, being induced by, and under the supposition of, the liability of the members.

The plaintiffs also offer to prove, by the testimony of a member of said association, that he and the other members thereof, so far as he knows, considered themselves liable individually for its debts; that he had attended their meetings, at which he had heard the subject spoken of by members ; but that he does not know whether the defendant was present at those meetings.

The said association, on the 25th of April 1845, made an assignment for the benefit of its creditors ; but the plaintiffs refused to become parties thereto.

At the time of the loan of the money sought to be recovered in this action, the defendant was treasurer of the Trustees of the Free Schools in the South Parish in Andover, (the plaintiffs,) as well as treasurer of the said Andover Mechanic Association. He resigned the office of treasurer of the plaintiffs on the 12th of December 1836.

If the aforesaid testimony be admissible, the court may draw the same conclusions therefrom which a jury would be bound to draw.

*Stevens*, for the plaintiffs.

*Hazen*, for the defendant.

DEWEY, J.   The original contract was made by the plaintiffs with the Andover Mechanic Association.   The plaintiffs received, for the money lent to that corporation, their negotiable note duly signed by their treasurer.   Such was the form of the contract, and such has been the character given to the original promise, in the subsequent steps taken by the plaintiffs to enforce the collection of this demand.   No liability, on the part of the defendant, arises from the force of the instrument given to the plaintiffs; but, if it exist at all, it is to be established by independent facts creating such liability, or by some legal enactment charging the defendant for the debts of the corporation.

Upon looking at the act incorporating the Andover Mechanic Association, (*St.* 1821, *c.* 40,) we find it in the usual form of acts of incorporation, giving a corporate name and corporate powers, but imposing no individual liability on its members for the debts of the corporation.   Individual liability, as incident to membership of a corporation, arises only from express legislative enactment, either in the charter, or by some general law, to which all similar corporations and their individual members are made subject.   But there is no general law applicable to this species of corporations, such as exists in

reference to manufacturing corporations, or corporations for banking purposes, providing certain liabilities on the individual stcckholders of such corporations, in certain specified cases.

The plaintiffs, aware of this difficulty in any attempt to charge the defendant, by force of the provisions in the act of incorporation, or by reason of any general law imposing such liability on the defendant for the debts of the corporation, seek to establish their right to recover, in the present action, upon other grounds. For this purpose they rely upon the eleventh article of the by-laws of the corporation, adopted by its members soon after the passing of the act of incorporation. That by-law is in these words : [Here the judge recited the by-law, as set forth, *ante,* page 539.] The only effect that can be given to this by-law is that of an act or vote of the members of the corporation acting in their corporate capacity. It is not the act of any individual member, nor does the fact of its being found upon the records of the corporation, as a vote duly adopted, authorize the inference that all or that any number greater than a bare majority voted for its adoption. The question then arises, whether it be competent for an aggregate corporation, whose act of incorporation imposes no individual liability upon its members for the debts and contracts of such corporation, to render, by force of a by-law, each individual member a guanrator or surety for all moneys lent to the corporation. It is clearly quite foreign from the general purposes and objects, in reference to which by-laws are authorized to be made by corporate bodies. See Rev. Sts. *c.* 44, § 2, giving authority to corporations to make by-laws.

It is not, in the opinion of the court, within the corporate powers conferred upon this and similar corporations, to impose upon their members, by any such by-law, any personal and individual liability to third persons, beyond such as are specified in the charter, or in the general laws of the Commonwealth. Such a power would be liable to great abuse, and would subject every member of a corporation, however liberal

its charter in excluding individual liability, to be made responsible for the entire indebtedness of the corporation by the act of a majority of those convened at a meeting of such corporation. Take the case of a bank in doubtful credit, and its active managers deem it useful to sustain it by pledging the individual responsibility of some of its more wealthy stockholders. Can they, by a corporate vote, impose upon all the stockholders a personal liability for all the debts of the corporation ? We think not, and are of opinion that each stockholder, by becoming such, subjects himself to no liability beyond that created by the force of the charter itself, or declared by other statutes of the Commonwealth.

Nor does the proposed evidence of the declarations of the defendant, that such individual liability existed in the present case, authorize the maintaining of this action. He might have mistaken his legal rights ; he might have supposed such would be the effect of the by-law referred to, and therefore have made the admission. It is to be borne in mind that these declarations of the defendant were not made to the plaintiffs, but to other persons. The proposed evidence would therefore be inadmissible on a trial of this case before a jury ; as it would not tend to charge the defendant. Whether for such false representations he may be held responsible to those to whom he made them, and who may have lent their money upon the faith of them, is a question not now before us. It is a fatal objection to the maintenance of the present action, that the defendant has never, by any valid legal contract, bound himself individually for the payment of the loan made by the plaintiffs to the Mechanic Association. His name was never subscribed to the pledge of the corporation, that the individual members would guaranty the debts of the corporation. His oral promises, if made, would be inoperative and void, by reason of the statute of frauds. To give any legal effect to these pledges of individual liability, they must have been the individual acts of the members, adopted and sanctioned by them by their signatures, under their own hands. Without this, the corporate act was a dead letter, and of no

binding efficacy upon individual members in their personal capacity.

We see no ground upon which this action can be maintained. *Judgment for the defendant*