IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1901, AND NOVEMBER TERM,
1901, IN THE EIGHTY-FIFTH YEAR
OF THE STATE.

---

THE REDKEY CITIZENS NATURAL GAS COMPANY
ET AL. *v.* ORR.

[No. 3,719. Filed May 28, 1901.]

CORPORATIONS.—*Unauthorized Acts.*—*Injunction.*—Injunction is the
proper remedy of a stockholder where the proposed unauthorized
action of the corporation or its directors will prejudice his rights.
*p. 5.*

SAME.—*Assessment of Stock.*—*Gas Company.*—Stock in a natural gas
company cannot be assessed beyond its par value. *pp. 5, 6.*

SAME.—*Assessment of Stock.*—The stockholders of a natural gas com-
pany cannot by entering into an agreement binding themselves to
pay to the company certain amounts subscribed by them authorize
the company to enforce such agreement, when the par value of the
stock has been paid. *pp. 5, 6.*

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by Preston Orr to enjoin the Redkey Citizens
Natural Gas and Fuel Company from disconnecting plain-
tiff's service-pipes. From a judgment for plaintiff, defend-
ants appeal. *Affirmed.*

*J. W. Headington* and *O. S. Whiteman,* for appellants.

*D. T. Taylor, W. F. MacGinnitie* and *T. J. Taylor,* for appellee.

HENLEY, J.—This was an action by the appellee to enjoin the appellant corporation and other appellants who are its officers and directors from disconnecting appellee's service-pipe from the mains of appellant corporation. The complaint is long, and includes a copy of the articles of association and the constitution and by-laws of appellant company. It is averred in the complaint that certain by-laws were adopted by the company, the second section of which was as follows: "Any member of the company, on full payment of $25, will be entitled to a paid up certificate, duly issued by the secretary of said corporation, with official seal attached thereto. Said certificate when so issued shall entitle the owner thereof to the free use of natural gas for illuminating, fuel, and all other domestic purposes. No member of this company being the owner of a single share of stock will be permitted to use in any one residence to exceed four stoves or grates, and in the event any stockholder should use stoves or grates to exceed the number as herein stipulated said stockholder will be required, by order of the board of directors, to pay to the secretary of said corporation for each additional stove or grate seventy-five cents per month during the period so used, and the money so accumulated shall be held as a sinking fund, to be used to defray the incidental expenses of the corporation." It is further averred that appellant company drilled wells, laid mains in the streets and alleys of the town of Redkey, and began furnishing gas to its stockholders as provided in its by-laws, and so continued to do and was so doing at the time this action was commenced. That appellee after the adoption of said by-laws became a stockholder, and paid to said company the sum of $25, and received a certificate of stock in said company; that he caused his residence to be plumbed for the use of gas for fuel and light, and appellant company connected his pipe

with its service mains in the street and began furnishing him with gas and has ever since continued to furnish him with gas. That on the 7th day of November, 1898, at a meeting of the stockholders, there was offered and adopted as an amendment to the constitution and by-laws of appellant company what was known and designated as "section nineteen," the material part of which was as follows: "Provided, that each certificate of stock shall be subject to such assessment as the board of directors may direct from time to time, but not to exceed $10 per year, for the purpose of defraying the expenses of the company, and subject to such restrictions as are hereinafter imposed. * * * Any stockholder failing or refusing to pay gas bill or assessments already made or hereafter made upon their stock shall after ten days notice of the same forfeit their stock to said gas company, and their gas pipe connecting with the main shall be cut off, and they shall not be entitled to the use of gas for said stock thereafter. * * * Any by-laws already adopted that conflict with this section, or any part of it, are hereby repealed and shall not be enforced after this section is adopted." That afterwards on the 11th day of November, 1898, the board of directors of said company ordered that an assessment of $5 be made on each share of stock, and that the assessment of $10 on each share, which had been made about a year prior to said time, should be paid within ten days from the 12th day of November, 1898, and instructed the secretary of the company to notify all shareholders that unless said assessment was paid within said time the gas would be cut off from the delinquents. That notice was served upon appellee that unless he paid said company the sum of $10 on or before December 22, 1898, his gas connection would be cut and the service discontinued. That the act of assessing the stock of appellee is void, and not within the power of appellant company; that appellee will suffer irremedial injury thereby if said company is permitted to disconnect his service-pipe from its said mains, etc.

Appellants each filed separate demurrers to the complaint, which were overruled. Appellant company filed its separate answer to the complaint in two paragraphs. Appellants Whitehan, Bader, Ficis, Losa, Watson, Rees, and Horn filed a joint answer in two paragraphs. These answers were in all material respects alike. The second paragraph of each answer admits the material facts as averred in the complaint and alleges that at a meeting of the stockholders of said company on the 15th of June, 1897, at which meeting appellee was present, it was found that the company was indebted in a large sum, secured by a mortgage upon its property, which mortgage was about to be foreclosed, and that the said company did not have the means with which to pay the debt; that at said meeting a resolution was passed authorizing an assessment of $10 upon each share of stock; that appellee was present and voted for said resolution and afterwards paid the sum of $2 on his assessment; that the other stockholders paid their assessments with full knowledge of appellee, and with his full knowledge said money so collected was applied by said company to the payment of said mortgage debt; that appellee was present at the meeting of November 7, 1898, at which meeting section nineteen of the by-laws was adopted, and voted for the adoption of said section nineteen; that on the 11th day of November, 1898, said company did not have any money or means with which to pay its debts, and for the purpose of raising money to pay said debts its board of directors, under its said by-laws, ordered an assessment of $5 for each share of stock for such purpose; that said company has no other means of raising money to pay its running expenses except by charging its stockholders for gas, and that said assessments are simply charges for gas; that the other stockholders have paid said assessments and said company has applied the moneys so raised to the payment of its debts and to the benefit of the stockholders, including appellee; that by reason of the facts heretofore set out, appellee is

estopped from denying the right of appellant to disconnect his service-pipe. Appellee's demurrer to the second paragraph of each answer was sustained. Appellants withdrew their first paragraph of answer, which was a general denial, and refused to answer further. Judgment was rendered against appellants perpetually enjoining them from doing the acts complained of in appellee's complaint.

Appellant company separately assigns as error the action of the court in overruling its demurrer to the complaint and sustaining the demurrer of appellee to its second paragraph of answer. The other appellants jointly assign the same errors. We regard the complaint as sufficient. It seems to be settled law that injunction is the proper remedy where the proposed unauthorized action of the corporation or its directors will prejudice the rights of a stockholder. *Stewart* v. *Transportation Co.*, 17 Minn. 372; *Bergman* v. *Building Association*, 29 Minn. 275.

The stockholders would no doubt have the right to change the by-laws and authorize a uniform charge to be made for the gas used by them, and thus raise the money necessary to provide for the expenses of the company, and the debt contracted for gas used could, undoubtedly, be enforced by a discontinuance of the service until the delinquency was settled. But the rule of non-liability at common law beyond the par value of the stock is established beyond question and is the chief inducement for the formation of corporations to conduct business. *Gainey* v. *Gilson*, 149 Ind. 58.

"Attempts have been made in various ways to authorize the assessment of stockholders for amounts after the par value of the stock has been paid in. Such efforts have generally failed. It can not be done by a majority vote of the stockholders, nor of the directors, nor by a by-law." 1 Cook on Stockholders, §242. See, also, *Flint* v. *Pierce*, 54 Mass. 539. *Gainey* v. *Gilson, supra*. But the liability for additional assessments above the par value of the stock may be and is frequently created by statute.

Conceding, without deciding, that the stockholders of a corporation, for the purpose of protecting its property, could enter into an agreement among themselves by which they would be bound to pay to said company certain amounts subscribed by them, still we do not think they could in any way authorize the corporation to assess the stock an agreed amount, or that the corporation could enforce such agreement. The rights and equities existing between the stockholders as individuals, growing out of the arrangements as detailed in the second paragraph of the answers, do not extend to the corporation. The answer did not state facts sufficient to constitute a defense to appellee's cause of action. We find no error. Judgment affirmed.