### No. 9305.

### OVERMYER ET AL. *v.* CANNON.

<div style="float:right">82   457<br>149   63</div>

CORPORATION.—*Stockholders' Liability.*—*Joinder of Parties.*—A creditor may, under section 3883, R. S. 1881, join all the stockholders of an insolvent corporation in one action.

SAME.—*Pleading.*—*Complaint.*—In such action, an allegation in the complaint, that the defendants are stockholders, is a sufficient statement of fact without showing how they acquired stock.

SAME.—*Judgment.*—*Apportionment of Liability.*—In such case, the judgment should be so moulded as to make the proper apportionment among the defendants, according to the amount of stock held by them respectively.

From the Pulaski Circuit Court.

*N. L. Agnew, J. C. Nye* and *G. Burson,* for appellants.
*W. Spangler,* for appellee.

ELLIOTT, J.—Appellants were stockholders in a corporation organized under the provisions of an act entitled "An act to provide for the incorporation of State, District, County, Subordinate and Individual Association of Patrons of Husbandry, and matters properly connected therewith, and declaring an emergency." The corporation had become insolvent, and the action is against the stockholders individually, to recover a debt incurred by the corporate officers.

It was not necessary for the appellee to state the particular manner in which the appellants acquired their stock. A plaintiff is not required to plead matters of evidence, it is sufficient for him to state facts. The averment that the appellants were stockholders is the statement of a fact. If this fact is denied, it must be proved by competent evidence, and this imposes upon the plaintiff the burden of showing the manner in which the stock was acquired. The complaint before us directly avers that the appellants are stockholders, and states the amount of stock owned by each, and can not be regarded as subject to the objection urged against it.

Appellants were jointly sued. A judgment for the entire amount was rendered, but a provision was inserted, directing what amount each of them should pay. The appellants were several and not joint owners of stock.

The question of the right of the appellee to maintain a joint action is presented in various forms, and we are therefore required to decide whether the creditor can maintain a joint action, or must bring separate actions, for the recovery of the amount for which each stockholder is liable.

We think the statute creating the liability confers upon the creditor the right to join all of the stockholders in one action. It reads thus: "That the stockholders of such corporation (whether the original signers of such articles of association, or the persons signing the same subsequently, or the person or persons to whom any shares of stock may be transferred or held under the regulations of such corporations) shall be liable, individually and jointly, * to an amount equal to the stock held

by them respectively." R. S. 1881, section 3883. Whether the liability created is in the strict sense of the term a joint one, we need not enquire, for it is certainly so in such a sense as to permit the creditor to join all the stockholders in one action.

In our opinion, the court adopted the proper practice in giving the appellee a judgment for the entire amount, and apportioning it among those who are bound to pay it. Certainly no injustice is done the appellants, for they are held only for the amount which the law fixes as the measure of their liability. The rule in equity is, that all the stockholders should be joined, and the decree so moulded as to make the proper apportionment, and this is the proper practice under our statute. *Umsted* v. *Buskirk,* 17 Ohio St. 113 ; *Perry* v. *Turner,* 55 Mo. 418 ; *Pierce* v. *Milwaukee, etc., Co.,* 38 Wis. 253.

It is contended that the evidence fails to show that the appellants were stockholders. We have read it carefully, and have reached a different conclusion. It is shown that they attended corporate meetings ; that some of them signed the original articles of association, and others subscribed for stock, and paid part at least of their subscription. There was no testimony offered in opposition to the evidence of appellee, and the trial court was justified in finding for him upon this question.

We are satisfied that the evidence fairly shows that the debt for which the appellant was sued was contracted by corporate officers for a corporate purpose.

Judgment affirmed.