Toner *et al.* *v.* Fulkerson *et al.*

Filed Sept. 26, 1890.

---

No. 14,368.

## Toner et al. *v.* Fulkerson et al.

**Corporation.**—*Stockholders.*— *When not Personally Liable.*—*Complaint.*—*Insufficiency of.*—A complaint which alleges that the plaintiffs are the holders of unsatisfied judgments against an insolvent railroad corporation, and which seeks the recovery of a personal judgment against the defendants to the action, who are alleged to have subscribed to the stock of said corporation, and to have been stockholders therein at the time the several debts due the plaintiffs were incurred, fails to state a good cause of action, in the absence of any averment that the defendants, as subscribers to the stock, are indebted for unpaid balances, or that the plaintiffs' claims were for labor done in the construction of the road.

From the Marshall Circuit Court.

*A. L. Agnew, S. P. Thompson, J. S. Slick* and *E. Myers,* for appellants.

*J. H. Bibler, G. W. Holman* and *M. L. Essick,* for appellees.

MITCHELL, J.—This suit was instituted by John B. Fulkerson and others against Edward Toner and eighteen others, who are alleged to have subscribed to the stock of the Rochester, Rensselaer and St. Louis Railroad Company. It is averred in the complaint that the plaintiffs each hold claims upon which they have recovered separate judgments against the railroad company above named, and that one of the plaintiffs is the owner of a claim against the company, amounting to $2,092, and that the claim was for work and labor. There is no intimation as to how the other claims originated. It is averred that the corporation is wholly insolvent, and that it has no property subject to execution. It is also averred that the defendants were, at the time the several debts due the plaintiffs were incurred, stockholders of the corporation, each owning a specified number of shares. It does not appear from any averment in the complaint whether or not the defendants are indebted for the whole or for any part of their subscriptions to the stock.

The mere fact that the plaintiffs are the owners of unsatisfied judgments against an insolvent railroad corporation in which the appellants are shareholders, conceding, for the purposes of this case merely, that it sufficiently appears that the corporation was duly organized and that they are shareholders, does not invest them with the right to maintain an action against the latter as individuals. The distinguishing feature of corporate existence is, that the very fact of incorporation exempts the stockholders from all individual liability after they have paid the amount of their subscriptions for stock. After the full par value of the stock subscribed for has been paid, the common law liability of the stockholder, both as respects the corporation and its creditors, is at an end. Any additional liability must be imposed by statute, or must result from the failure of the supposed corporation to become duly incorporated, whereby the members constitute a copartnership and become liable as partners.

Cook Stock, section 230; Morawetz Corporations, section 779. Persons who deal with a corporation must look to the company primarily for debts due them. When the corporation becomes insolvent and fails to pay, they may then resort to any unpaid subscriptions to the capital stock which constitute a trust fund for the benefit of creditors, or they may enforce any statutory liability which the law imposes. The usual and most effectual remedy for creditors in such a case is to file a bill in equity against those whose subscriptions remain unpaid, thereby invoking the aid of the court in collecting unpaid balances due on stock subscriptions.

In the absence of any averments in the complaint showing that the defendants as subscribers to the stock are indebted for unpaid balances the facts fall far short of stating any common law liability on them.

Section 3934, R. S. 1881, makes stockholders in a railroad corporation individually liable to laborers for all labor done "in the construction of said road" that shall remain unpaid after the assets of the corporation shall have been exhausted.

It does not appear from any averments in the complaint that the plaintiffs' claims were for labor done in the construction of the road.

The complaint was not sufficient.

The judgment is reversed, with costs.

Filed Sept. 26, 1890.