GAINEY ET AL. v. GILSON, RECEIVER.

[No. 18,220.    Filed December 7, 1897.]

CORPORATIONS.—*Liability of Stockholders.*—When a stockholder of a corporation has paid the full par value of his stock, his liability is terminated, and in the absence of a statute imposing upon him an additional liability, he cannot be compelled to respond to the corporation nor to its creditors in payment of any debts except in cases where there has been a failure to duly incorporate. *pp. 60, 61.*

RECEIVERS.—*Action Against Stockholders of a Corporation to Collect Unpaid Assessments.—Jurisdiction.*—Where the stockholders of a corporation have failed to pay assessments due from them on their respective shares of the capital stock, a receiver of such corporation may join all the defendants in one action, though they may not all reside in the jurisdiction where the suit is instituted. *pp. 61–63.*

SAME.—*Action Against Stockholders of a Corporation to Collect Unpaid Assessments Must Be Authorized by Court.*—A complaint by a receiver of a corporation against the stockholders to collect unpaid assessments or calls due on their respective shares of stock must allege that the receiver was authorized by the court to institute the action. *p. 63.*

From the Lawrence Circuit Court. *Reversed.*

*Martin & Dye, Brooks & Brooks* and *Gardiner & Gardiner,* for appellants.

*G. O. Isenminger* and *Newton Cooke,* for appellees.

JORDAN, J.—Appellee, as the receiver of the Bedford Building Stone Company, instituted and prosecuted this action to recover of appellants, stockholders of said company. He recovered a judgment, from which appellants appeal and seek to have the same reversed on account of several alleged errors. The complaint filed by the receiver in this cause, substantially alleges the following facts: That the stone company of which he is receiver was duly organized and incorporated on June 11, 1891, under the laws of this State, and was doing business of mining, quarrying, selling, and shipping stone in Lawrence county, In-

diana, and had its paternal and principal office located in the city of Bedford, in said county; that the defendants are members and stockholders of said corporation, owning and holding each the shares of stock as therein mentioned and set out; that on October 5, 1894, said company being insolvent, ceased to do business, and was placed in the hands of a receiver. The debts and liabilities due and owing by the said company to divers creditors, are alleged to amount to the sum of $15,000.00; and it is further averred that on April 15, 1895, under the order of the Lawrence Circuit Court, by which court the plaintiff had been appointed receiver of the concern, and in pursuance of the by-laws of said corporation, he made an assessment and call upon the shares of the capital stock held and owned by the defendants, of nine dollars on each share of the unpaid balance thereof remaining due and unpaid from each of said stockholders, for the purpose of paying the indebtedness of said company, and that he notified, in writing, each of said defendant stockholders of said assessment, and demanded payment thereof, etc. That the defendants are the only remaining solvent stockholders and members of the company, whose stock has not been fully paid. It is further averred that each and all of the defendants have wholly failed and refused to pay to the plaintiff the said assessments due, from each, upon their said shares of stock, and that more than eighteen months have elapsed since the subscriptions were made to said capital stock, and there remains due and unpaid on each share of the stock, belonging to said defendants, the sum of forty dollars. The prayer is that the court make assessments against said stockholders for the payment of said debts, and judgment is demanded for $15,000.00 to be apportioned as mentioned, among the defendants, and for all other and proper relief.

On the trial, the court made a special finding of facts, and stated its conclusions of law thereon, and over the exceptions of the defendants to the conclusions, and over their motion for a new trial, rendered a judgment in favor of the plaintiff for $10,200.00, which was apportioned by the court among the defendants, as therein ordered. The insistence of counsel for appellants is that the complaint is insufficient in several respects, and they also contend that the action is based on section 5077, Burns' R. S. 1894 (3869, R. S. 1881), and therefore, under the decision of *Wood v. Harrison,* 50 Ind. 480, that the appellants are not liable. It is evident, we think, that counsel are mistaken in their contention that the action is founded on the statute above cited, and therefore, the questions which they seek to present as to its force and effect require no consideration. The purpose or theory of the complaint, as disclosed by its general outlines, is to collect the unpaid assessments or calls due from appellants on their respective shares of the capital stock, for the purpose of being applied by the receiver, as averred, in payment of the debts of the company. The corporation of which appellee is receiver, is said to have been organized under the statutes relative to the incorporation of manufacturing and mining companies. Section 5060, Burns' R. S. 1894 (3859, R. S. 1881), which is a part of that law, requires the capital stock to be paid within eighteen months from the incorporation of the company, and the section next following provides for the collection of calls upon stock assessments by suit, in the event that the same are not paid within thirty days from the time appointed for the payment. The capital stock of a corporation is held to be a trust fund for the payment of its creditors, and when a stockholder has paid the full par value of his stock, his liability is terminated, and in the absence

of a statute imposing upon him an additional liability, he cannot be compelled to respond to the corporation, nor to its creditors, in payment of any debts or obligations, except in cases where there has been a failure duly to incorporate, whereby the members of the concern may be said to constitute a co-partnership, and become liable as partners for the payment of the debts of the concern. See *Toner* v. *Fulkerson*, 125 Ind. 224; *Bruner* v. *Brown*, 139 Ind. 600, and authorities cited; *Coleman* v. *Coleman*, 78 Ind. 344; *Trippe* v. *Huncheon*, 82 Ind. 307; *Coffin* v. *Ransdell*, 110 Ind. 417; *Davis* v. *Ladoga Creamery Co.*, 128 Ind. 222; Beach on Private Corporations, section 555. That a receiver of a corporation, under the authority of the court appointing him, may by an action enforce the common law liability against the delinquent stockholders and collect the amount due and unpaid upon their shares of capital stock, is a right, fully affirmed and settled by the authorities. Of course, in the collection of such subscription he is invested, in this respect, with no greater power than that which the corporation possessed, and is bound precisely in the same manner as it was. Beach on Private Corp., sections 716, 717, and 772; Beach on Receivers, sections 669 and 670; *Billings* v. *Robinson*, 94 N. Y. 415; *Coffin* v. *Ransdell, supra; State* v. *Sullivan*, 120 Ind. 197; *Bruner* v. *Brown, supra*; *Runner* v. *Dwiggins*, 147 Ind. 238, and authorities cited. It is equally well settled, as a general rule, that a receiver of a corporation, in the absence of some statutory authority, cannot sue to enforce a liability created by statute against stockholders, in favor of creditors, independently of what they owe the corporation on the account of their stock. *Runner* v. *Dwiggins, supra;* Beach, Private Corp., section 716, 717. Without at this point deciding in general as to the sufficiency of the facts as averred in the complaint to entitle the re-

ceiver to maintain this action, we may, however, affirm, as a general proposition, over which there can be no contrariety of opinion, his right to enforce the liability of the appellants to pay calls for stock assessments made by him under the order or authority of the court, for the payment of the debts of the corporation, by properly taking the steps which the law requires. It appears that the ten delinquent stockholders, who are defendants in this action, all reside in Lawrence county, where the suit was commenced, except four. The latter appeared, and by pleas in abatement denied the jurisdiction of the Lawrence circuit court over their person, upon the ground that each was, at the time this action was commenced, a *bona fide* resident of Daviess county, Indiana, and owned no stock in the corporation of which the plaintiff was receiver, jointly, or in connection with any other defendant in the suit, and was not interested in any stock in connection with any of the other defendants. Demurrers were sustained to the several pleas in abatement, and these rulings of the court, it is claimed, were erroneous.

It is disclosed by the complaint that all of the defendants were, at the commencement of this action, delinquent upon the common assessments, which applied equally alike to the respective shares held by each. It may be conceded, so far as this suit is concerned, that no one of the defendants was liable to any greater extent than the amount due and unpaid on the share or shares owned and held by him. This amount was the measure of his liability in this action, still each was immediately liable to pay the assessment made upon his part of the capital stock, which the plaintiff sued to collect, and to this extent, at least, he had an interest in the action adverse to the plaintiff; and while the latter, at his option, might have

prosecuted separately an action against each, nevertheless he was not compelled to institute a multiplicity of suits to recover the stock assessments in controversy, but under the equitable provisions of the code, he had the right to join all the defendants, as he did, in one action, and in the event of a recovery, the court could so mould its judgment or decree as to adapt it to the different liabilities of the defendants, and properly apportion the amount to be paid by each. See section 269, Burns' R. S. 1894 (286, R. S. 1881); section 579, Burns' R. S. 1894 (570, R. S. 1881); *Douglass* v. *Howland,* 11 Ind. 554; *Overmyer* v. *Cannon,* 82 Ind. 457. The plaintiff having the right, under the circumstances, to unite all of the defendants in the same action, could therefore commence it in Lawrence county, where a part of them resided, and the jurisdiction of the Lawrence Circuit Court could be extended to those residing in Daviess county, by issuing and serving upon each the proper process. Section 314, Burns' R. S. 1894 (312 R. S. 1881); *Lindley* v. *Kregelo,* 121 Ind. 176.

The court did not err in sustaining the demurrers to the pleas in abatement.

It is urged by the appellants that the complaint is not sufficient, for the reason that it does not allege that the receiver had leave, or was authorized by the court, to institute this action. There is an entire absence of any averment in the complaint tending to establish this fact. It is the general rule in this State, as settled by repeated decisions of this court, that when a receiver sues, leave or authority to institute the action, from the court appointing him, becomes an essential fact which must be alleged in the complaint, and proved on the trial. *Hatfield* v. *Cummings, Rec.,* 142 Ind. 350, and authorities there cited. The complaint in this cause is rendered fatally insufficient by its omission to allege that the plaintiff had obtained

the authority of the court to prosecute this action prior to its commencement. In this respect, at least, the special finding of facts is also deficient, and it may be further said, that we find nothing in the evidence upon this question, except that the plaintiff was appointed receiver in a certain action to foreclose a mortgage against the corporation in the Lawrence Circuit Court, and was authorized, under the order appointing him, to take charge of the mortgaged property, manage and care for the same, until it was sold by the sheriff. The complaint and the special finding of facts may be insufficient in other respects, but as to this we do not decide.

The court, for the reason stated, erred in overruling the demurrer to the complaint, and the judgment is therefore reversed, and the cause is remanded to the lower court, with instructions to grant appellants a new trial, and sustain the demurrers to the complaint.