IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1911, AND MAY
TERM, 1912, IN THE NINETY-SIXTH YEAR
OF THE STATE.

---

### HASKELL, RECEIVER, *v.* GARDNER.

[No. 7,709. Filed December 30, 1910.]

1. CORPORATIONS.—*Capital Stock.—Trust Fund for Creditors.—
Stock Subscriptions.*—Money agreed to be paid into the treasury
of a corporation on account of shares is regarded not only as a
part of the fund for the transaction of business, but also as a
trust fund for the benefit of creditors. p. 3.

2. CORPORATIONS.—*Insolvency.—Receivers.—Unpaid Stock Subscrip-
tions.*—Upon the insolvency of a corporation, a receiver therefor
may be authorized to sue on account of unpaid stock subscrip-
tions, but generally he cannot compel payment of a subscription
that the corporation could not have enforced at the time of his
appointment. p. 3.

3. CORPORATIONS.—*Insolvency.—Receivers.—Action on Stock Sub-
scription.—Defense.—Payment in Property.*—In an action by the
receiver of a corporation on a stock subscription, where the evi-
dence showed that defendant had sold to the corporation certain
property which was of a value equal to that of the stock sub-
scribed by defendant, and which was necessary in the business of
the corporation and was received by it in payment of such sub-
scription, the status of such stock was that of paid up stock, it
being unnecessary, in the absence of a statutory requirement, that
a subscription to capital stock shall be paid in cash. p. 3.

4. CORPORATIONS.—*Action on Stock Subscription.—Payment.—In-
structions.*—In an action brought by the receiver of an insolvent
corporation to recover on a subscription to its capital stock, an
instruction which told the jury that defendant was entitled as a
creditor of the corporation to have his claim set-off against the

amount alleged to be due from him on such subscription, even if erroneous, was harmless, where defendant had pleaded payment and there was evidence to sustain such plea. p. 5.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Lamar Haskell, as receiver of Taylor & Gardner, Incorporated, against George E. Gardner. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*W. A. Cullop, George W. Shaw, Rhea P. Cary* and *Frank M. Rogers,* for appellant.

*B. M. Willoughby* and *James M. House,* for appellee.

COMSTOCK, J.—Appellant instituted this suit as receiver of Taylor & Gardner, a corporation, to recover on a subscription of capital stock subscribed by appellee. Issues were formed by a complaint, setting up the subscription, the appointment of appellant as receiver, and his authority to sue, and by an answer in three paragraphs, the first, a general denial, the second, a plea of payment, and the third, a set-off for various items consisting of services rendered the company, goods sold and delivered to it, and claims paid to its creditors, and reply in general denial to the second and third paragraphs of answer.

A trial by jury resulted in a verdict for appellee. Over appellant's motion for a new trial judgment was rendered that he take nothing, and for costs.

The errors relied on for reversal are that the verdict was not sustained by sufficient evidence and is contrary to law, and that the court erred in giving instruction number nine of its own motion.

It is claimed by appellant that appellee had no right of set-off as to the various items of indebtedness claimed to be owing him by the corporation prior to the appointment of the receiver; that the stock subscription of the appellee was a part of the assets of the insolvent corporation, and constituted a trust fund in the hands of appellant as receiver, in which fund each creditor of the corporation was

entitled to receive a ratable share, and that appellee, as one of the creditors, was not entitled to have his claims preferred by set-off, as the court charged the jury; and that the plea of payment was not supported by the evidence.

"The capital stock of a corporation is regarded, not alone as a fund for the transaction of corporate business, but also as a trust fund for the benefit of creditors. It is an essential part of this doctrine that money agreed to be paid into the treasury on account of shares is a part of the fund. 10 Cyc. 653. Upon the insolvency of a corporation and the appointment of a receiver it is clear, in view of the fact that the capital stock constituted an asset of the corporation, and that the receiver represents all of the creditors, that he may be authorized to sue on account of unpaid stock subscriptions. *Big Creek Stone Co.* v. *Seward* [1896], 144 Ind. 205 [42 N. E. 464, 43 N. E. 5]; *Gainey* v. *Gilson* [1897], 149 Ind. 58 [48 N. E. 633]."

For the purposes of litigation, the receiver takes only the rights of the corporation, such as could be asserted in its own name.

"Generally speaking a receiver cannot compel payment of a subscription that the corporation could not have enforced at the time of his appointment." High, Receivers (3d ed.) §315; Wait, Insolv. Corp. §235; 3 Clark and Marshall, Priv. Corp. §799a; *Gainey* v. *Gilson, supra; Marion Trust Co.* v. *Blish* (1908), 170 Ind. 686, 84 N. E. 814, 85 N. E. 344, and cases cited. But, on any view which may be taken of the rights of the receiver, there can be no recovery in the case at bar, if the stock subscribed for has been paid as pleaded. And, on the question of payment, only evidence favorable to appellee will be considered, together with the reasonable inferences therefrom.

It is insisted by appellant that the resolution of the board of directors was simply to purchase the property of Taylor

& Gardner at a valuation of $7,200, and not that the property be accepted in payment of the aggregate of $7,200 stock subscription by them.

The entry in the minute book of the corporation with reference to this subject, and which was introduced as a part of the evidence, is as follows:

"It was moved by Mr. French and seconded by Mr. Rodgers and unanimously carried, that the following equipment be purchased from the firm of Taylor & Gardner at and for the price of $7,200, it appearing to the board that said price is a fair and reasonable one for the articles enumerated and that the purchase of them is necessary in the conduct of the corporate business:

| | | |
|---|---:|---:|
| Black car | $1,650 | 00 |
| Gray car | 975 | 00 |
| Wagon | 300 | 00 |
| Call Buggy | 375 | 00 |
| Ambulance | 880 | 00 |
| Horses | 1,000 | 00 |
| Harness, etc. | 162 | 00 |
| Mdse. | 963 | 00 |
| Furniture and Fixtures | 895 | 00 |
| | $7,200 | 00 |

There being no further business the directors' meeting adjourned."

The property received in payment was necessary in the business of the corporation, and thus the stock subscribed for was paid "in money's worth"; and the shares were given the status of paid-up stock. George E. Gardner testified that this equipment was turned over to the corporation in payment of the stock subscription. The evidence shows that this property was purchased by Taylor & Gardner, and used by them and sold to the corporation after it was formed; that with the exception of the call buggy all the property was delivered to the corporation.

"Whatever may have been formerly held, it is now established that subscriptions to capital stock need not, in the absence of statutory provisions requiring it, be paid for in

cash.'' *Coffin* v. *Ransdell* (1887), 110 Ind. 417, 11 N. E. 20.

The claim made by counsel for appellant, that this property was encumbered by the equitable lien of the vendor, we do not find to be supported by the evidence.

4. There is evidence that appellee made payment in money and other property to said corporation, for which he was entitled to credit. An itemized statement of these amounts need not be stated.

There being evidence to sustain the plea of payment, the instruction complained of, even if erroneous—which we do not concede—was harmless.

Judgment affirmed.

NOTE.—Reported in 93 N. E. 458. See, also, under (1) 10 Cyc. 461; as to the nature and validity of the subscription agreement to corporate stock, see 130 Am. St. 736; as to the liability on subscription to stock, see 93 Am. St. 349; as to stockholders' liability to creditors, see 3 Am. St. 806; (2) 34 Cyc. 395; as to the appointment of receivers for corporations, see 72 Am. St. 29; 118 Am. St. 198; (3) 10 Cyc. 471. As to the right in an action by a corporate receiver to recover unpaid balance of stock subscriptions, to interpose a defense that would have been available against the corporation, see 18 L. R. A. (N. S.) 347. As to the effect of an express provision by statute or charter for payment of subscription to stock in cash or money to exclude payment in services or property, see 27 L. R. A. (N. S.) 315.