# Warren *v.* Queen & Co., Appellant.

*Corporations—Preferred stock—Contract to redeem—Act of April 28, 1873, P. L. 79—Public policy—Action upon certificate—Affidavit of defense.*

1. An instrument executed by a corporation incorporated under the Act of April 29, 1874, P. L. 73, which has every essential feature of a certificate of preferred stock, and which is in the usual and ordinary form in which such certificates are issued, except that it provides for the redemption of the stock by the corporation at par on a certain day, is a certificate of preferred stock and not a contract for the payment of money.

2. Under the Act of April 28, 1873, P. L. 79, a corporation may issue preferred stock, and make appropriations for its redemption, but only provided "that no injustice shall thereby be done to the existing rights of any other stockholders or creditors of the company." The purpose of this provision was to put a preferred stockholder under the act in the same position as he would be in at common law, where the funds of the corporation are first applicable to the payment of its creditors. Under the act, therefore, a preferred stockholder cannot enforce payment of his stock in preference to the claims of creditors of the corporation.

3. Aside from the Act of April 28, 1873, P. L. 79, it would be against public policy to permit a preferred stockholder to assert his claim as such against the funds of a corporation in preference to the claims of creditors. The stock of a corporation is its capital, is responsive to the claims of creditors, and is held in trust for the payment of the corporate indebtedness. The relation of a stockholder and a creditor to the corporation is entirely different; a stockholder cannot be both a creditor and a debtor by virtue of his ownership of stock.

4. Where the holder of a certificate of preferred stock sues the corporation in assumpsit to compel redemption of the stock as provided in the certificate, an affidavit of defense averring that the corporation does not possess sufficient funds to redeem the plaintiff's shares, without doing injustice to the rights of creditors and other stockholders, or without depriving the corporation of funds necessary to the conduct of its business, sets up a sufficient defense and judgment should not be entered for the plaintiff for want of a sufficient affidavit of defense.

Argued January 17, 1913.   Appeal, No. 339, Jan. T.,

1912, by Willard P. Barrows, Trustee in Bankruptcy of
Queen & Company, Inc., from order of C. P. No. 4,
Philadelphia Co., March T., 1911, No. 1343, making ab-
solute rule for judgment for want of a sufficient affidavit
of defense in case of J. Henry Warren v. Queen & Com-
pany, Incorporated, defendant, and William P. Bar-
rows, Trustee in Bankruptcy of Queen & Co., Incor-
porated (substituted defendant).   Before FELL, C. J.,
BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Re-
versed.

Rule for judgment for want of a sufficient affidavit of
defense.   Before WILLSON, P. J.

The opinion of the Supreme Court states the facts.

*Error assigned* was the order of the court.

*Hampton L. Carson*, with him *John Kent Kane* and
*Henry T. Dechert*, for appellant.—We contend that the
plaintiff being an owner of part of the capital as shown
by his certificate of stock should not be allowed to con-
vert himself into a creditor and withdraw his capital
by means of this action, and that a judgment should not
have been entered in favor of the plaintiff: Culver v.
Reno Real Estate Co., 91 Pa. 367; Lockhart v. Van
Alstyne, 31 Mich. 76; Sternbergh v. Brock, 225 Pa. 279;
Hamlin v. Toledo, Etc., R. R. Co., 78 Fed. Repr. 664;
Guaranty Trust Co. of N. Y. v. Galveston City R. Co.,
107 Fed. Repr. 311; Ellsworth v. Lyons, 181 Fed. Repr.
55; Stang's Appeal, 10 W. N. C. 409.

*G. Plantou Middleton*, with him *John Blakeley*, for
appellee.—The instrument upon which suit was brought
and judgment recovered in the court below was not a
certificate of preferred stock but an instrument in writ-
ing for the payment of money: Cook v. Bldg. & Loan
Association, 104 Ga. 814 (30 S. E. Repr. 911); West
Chester & Philadelphia R. R. Co. v. Jackson, 77 Pa.

321; Savannah Real Estate Loan & Building Company v. Silverberg, 108 Ga. 281 (33 S. E. Repr. 908).

OPINION BY MR. JUSTICE MESTREZAT, March 31, 1913:

This is an action of assumpsit to recover on an instrument in writing, the material parts of which are as follows: "This is to Certify that J. Henry Warren is the owner of Fifty shares of the preferred stock of Queen & Company, Incorporated...... This certificate is part of an issue of preferred shares amounting in the aggregate to Fifty thousand Dollars ($50,000) which are entitled to dividends at the rate of Eight per centum annually, clear of all taxes, cumulative, from the first day of March, 1906, out of the earnings of the Company applicable to the purpose, and before any dividend is declared on the common stock...... The shares represented by this certificate shall be redeemed by the Company on March 1, 1911, at par. The preferred stock, of which these shares are a part, constitute under all circumstances a lien on all the assets of the Company to be first paid in full prior to any right of the common stock to participate in or receive anything from such assets." The statement avers an indebtedness on this writing of five thousand dollars, the par value of the stock, due and payable to the plaintiff from the defendant company on March 1, 1911, with interest thereon from that date. The defendant filed an affidavit of defense, denying its liability for the following reason: "That on the 15th day of March, 1911, and at no time before or since has the defendant been in the possession of funds, property or revenues, or the proceeds of its property or business which could be applied to the redemption of the plaintiff's shares of preferred stock, without injustice to the existing rights of creditors and other stockholders, or without depriving the corporation of funds, property and revenues necessary to the usual current and proper business of the company." The plaintiff took a rule for judgment for want of a sufficient affidavit of

defense which the court below made absolute, and entered judgment against the defendant for the amount of his claim. The defendant has taken this appeal.

The plaintiff contends that the instrument on which the suit was brought is an instrument in writing for the payment of money, and that as such it was due and payable by the terms of the writing on March 1, 1911. He claims that the certificate was merely representative of the obligation to repay to him the amount which he paid to the defendant company in accordance with the terms of the contract, and that, therefore, it is an obligation to repay upon a date certain the par value of the stock with interest thereon from March 1, 1911. The defendant contends that the instrument is a certificate in favor of the plaintiff for fifty shares of preferred stock of the corporation, that the plaintiff as a holder of such is simply a preferred stockholder and not a creditor of the corporation, and that as such he cannot maintain this action for the reasons set forth in the affidavit of defense. The defendant company was adjudged a bankrupt a few days after the entry of judgment and the trustee was substituted as a defendant.

The defendant maintains that the writing in suit is a certificate of preferred stock, and that neither under the statutes of the State nor at common law can the plaintiff recover in this action. The defendant was incorporated under the Act of April 29, 1874, P. L. 73. By an act approved April 3, 1872, P. L. 37, any company incorporated under the laws of the Commonwealth is authorized to issue with the consent of a majority in interest of the stockholders preferred stock, not exceeding at any time one-half of the capital stock of the corporation, and it is provided that the holders of such preferred stock should be entitled to receive dividends not exceeding twelve per cent. per annum, as might be prescribed by the board of directors, payable out of the net earnings of the company. By an act approved April 28, 1873, P. L. 79, 1 Purd. 804, it is provided

that any company authorized by the Act of 1872 to issue preferred stock, may issue the same in different classes, may give to the various classes such order of preference in payment of the dividends, or in the redemption of the principal thereof, as may be approved by the holders of a majority of the stock, and the company has the right to redeem its preferred stock upon such terms as may be prescribed in the issue thereof, and for such purpose may appropriate revenues from any specific department of its business: "Provided, that no injustice shall thereby be done to the existing rights of other stockholders or creditors of the company." The Act of 1874 provides that any corporation created under its provisions may issue preferred stock, the holders of which shall be entitled to receive such dividends thereon as the board of directors may prescribe, payable only out of the net earnings of the corporation.

We agree with the contention of the defendant that the writing in suit is a certificate of stock and not an instrument for the payment of money. Indeed, were it not for the provision for the redemption of the shares of stock in the certificate, there would be no ground whatever for the contention that it is an instrument creating an indebtedness, and not a certificate of stock. Every essential feature of a certificate of preferred stock is embraced within this paper. Save the redemption clause, it is the usual and ordinary form in which such certificates are issued. The holder is the owner of fifty shares of the capital stock which is a part of the capital of the corporation. The certificate confers upon him the rights of such ownership. It declares that the certificate is part of an issue of preferred shares which are entitled to dividends at the specified rate per annum payable out of the earnings of the company. It also provides when the dividends shall be paid. It has all the characteristics of a certificate of stock, and none of a contract creating the relation of creditor to the corporation. It contains no acknowledgment of the receipt

of money by the corporation and the consequent promise to repay it, thereby creating a loan by the plaintiff to the company. It denominates itself a "certificate" representing "fifty shares" of the "preferred shares" of the defendant company. Neither in terms nor by intendment can the certificate reasonably be construed to be a contract for the payment of money. The form and the substance of the instrument forbid any such interpretation, and clearly show that the writing is a certificate evidencing the ownership of fifty shares of the preferred stock of the company redeemable at the designated time.

It will be observed that the Act of 1873 is the only statute that makes provision for the redemption of preferred stock. Under this statute the company has the right to redeem its preferred stock upon such terms as may be prescribed in the issue thereof, and it is also authorized to make appropriations for that purpose. These provisions would be ground for the contention that the defendant can be compelled to redeem its preferred stock at the date named in the certificate. The company under such provision would be authorized to prescribe the terms upon which its preferred stock should be issued. It will be seen, however, that the statute imposes a limitation upon the power to create and issue preferred stock. A company may issue preferred stock and make appropriations for its redemption, but only on the condition "that no injustice shall thereby be done to the existing rights of any other stockholders or creditors of the company." The manifest purpose of this provision was to put a preferred stockholder under the act in the same position as he would be at common law where the funds of the corporation are first applicable to the payment of its creditors. Under the statute, the other stockholders and the creditors are equally protected against any injurious act on the part of preferred stockholders. It is, therefore, apparent that a preferred stockholder cannot, under the statute, demand payment of its stock in preference to

the claims of creditors of the corporation. It is equally clear that he cannot impair the claims of creditors by an attempt to enforce the payment of the par value of his stock. The extent to which he may go in this direction is that he may compel payment of the value of his stock in accordance with the terms of the certificate when it will not affect the rights of other stockholders or creditors. Here, his claim is met by the affidavit of the defendant, which for present purposes must be assumed to be true, that the defendant has no funds or property with which to redeem his shares of stock without injustice to the existing rights of creditors and other stockholders. This is a sufficient answer to the plaintiff's demand, and if sustained on the trial of the cause, will prevent a recovery.

Aside from the Act of 1873, it would be against public policy to permit a preferred stockholder to assert his claim as such against the funds of a corporation in preference to the claims of creditors. The stock of a corporation is its capital, and is responsive to the claims of its creditors. It is held in trust for the payment of the indebtedness of the corporation. The relation of a stockholder and a creditor to a corporation is not at all alike, but entirely different. A certificate of stock does not make the holder a creditor as well as a stockholder. A stockholder cannot be both a creditor and a debtor by virtue of his ownership of stock: Warren v. King, 108 U. S. 389, 399. The stock is part of the capital of the corporation which the holder cannot withdraw until its indebtedness is paid. The preferred stockholder is but a stockholder with a right to have his dividend paid before dividends on the common stock are paid, and he is not entitled to any dividend until the corporation has funds which are properly applicable to the payment of dividends: 1 Cook on Corp., Sec. 271. He has the right to the dividends on his shares to the extent authorized by his certificate in preference to the holder of common stock, but beyond this he has no right su-

perior to the holder of common stock, and both hold their stock subject to the payment of the indebtedness of the corporation.  This is the settled rule recognized in all jurisdictions.  A corporation has no right to make any rules by which the holder of stock, common or preferred, may be preferred in the liquidation of its assets over the creditors of the company.  In speaking of the rights of the holders of preferred stock, LURTON, J., in Hamlin v. Toledo, Etc., R. R. Co., 78 Fed. Repr. 664, 671, says: "If the purpose in providing for these peculiar shares (of preferred stock) was to arrange matters so that, under any circumstances, a part of the principal of the stock might be withdrawn before the full discharge of all corporate debts, the device would be contrary to the nature of capital stock, opposed to public policy, and void as to creditors affected thereby." A contract that dividends shall be paid on preferred stock whether any profits are made or not is contrary to public policy and void: Pittsburgh & Connellsville R. R. Co. v. Allegheny County, 63 Pa. 126; Pittsburgh & Steubenville R. R. Co. v. Allegheny County, 79 Pa. 210.  An agreement to pay dividends absolutely and at all events —from the profits when there are any, and from the capital stock when there are not—is an undertaking which is contrary to law and is void: 1 Cook on Corp., Sec. 271.  Public policy, it is said, condemns with emphasis any such undertaking on the part of a corporation as to its preferred or guaranteed stock.

We are of opinion that the instrument in suit is a certificate of stock and not an instrument in writing for the payment of money, and that the plaintiff as the holder of such certificate cannot recover the principal of the stock until the indebtedness of the corporation is liquidated.

The judgment of the court below is reversed with a procedendo.