## CRING v. SHELLER WOOD RIM MANUFACTURING COMPANY ET AL.

[No. 14,352. Filed December 23, 1932. Rehearing denied April 6, 1933. Transfer denied March 9, 1934.]

*Roscoe D. Wheat,* for appellant.
*James R. Fleming,* for appellees.

NEAL, J.—George V. Cring (appellant herein) filed his complaint against the Sheller Wood Rim Manufacturing Company and the Sheller Manufacturing Company (appellees herein) in two paragraphs. The first paragraph was withdrawn and demurrers (identical in form) of each of appellees were sustained to the second paragraph of complaint; appellant refused to plead further; judgment was rendered against appellant, who appeals to this court and assigns as error the sustaining of each of the demurrers to the second paragraph of the complaint.

The complaint alleged in substance that on November 10, 1919, appellant paid the Sheller Wood Rim Manufacturing Company $1,000 and received from said defendant in consideration therefor a "certificate of capital stock No. 10, for 10 share of preferred stock in defendant's company; that prior to November 10, 1919 and prior to the payment of the $1,000, the officers and directors of the Sheller Wood Rim Manufacturing Company represented and told this plaintiff that the stockholders of the defendant has (had) passed a resolution authorizing the issuing of preferred capital stock of said defendant company in the sum of $50,000 par value and that said resolution provided that said preferred stock would pay 7% per annum and would mature and be payable on the 1st day of November 1929," and that said dividends were guaranteed by such stockholders and that such stock would be redeemed and paid in full on November 1, 1929; that this preferred stock would give appellant a preferred claim on the assets of Sheller Wood Rim Manufacturing Co.; that relying upon these statements, appellant purchased such certificate.

The complaint further alleged that for a "number of years defendant paid dividends provided for in said stock certificate but the defendant has failed and neglected to pay dividends for a period covering three

years and there is due and owing this plaintiff the sum of $210 on unpaid dividends;" that 30 days prior to November 1, 1929, plaintiff served a notice in writing on Sheller Wood Rim Manufacturing Company notifying said company that he desired to have his certificate of capital stock No. 10 and "interest" thereon redeemed and paid; that such notice was in conformity with the terms of said certificate of capital stock which provides that the Sheller Wood Rim Manufacturing Company guarantees to pay dividends and guarantees to redeem said stock at par on November 1, 1929, or annually thereafter upon the holder's giving said company a 30 days' written notice of their desire to have said stock redeemed; that by reason of the promises and representations of the directors and by reason of the provisions of said stock certificates the plaintiff has a preferred claim on the assets of said company; that on "the 1st day of November, 1929, the defendant, Sheller Wood Rim Manufacturing Company, was solvent and was able to and could pay and discharge all of its debts including the preferred debt and claim of this plaintiff and that at all times since said date and at this time the defendants were and are solvent and able to pay and discharge all of their debts, including plaintiff's preferred debt and claim;" that on December 17, 1929, the Sheller Wood Rim Manufacturing Company reorganized under the name of Sheller Manufacturing Company, which last named company now is in full possession of all property and assets of the Sheller Wood Rim Manufacturing Company. The prayer of the complaint was for judgment and that such be declared a preferred lien and that such lien be foreclosed.

Appellees demurred to the second paragraph of complaint on the ground that it did not state facts sufficient to constitute a cause of action in that it disclosed that appellant is a shareholder in appellee com-

pany and not a creditor and being such is entitled to a preferential payment over common shareholders *only* in case of liquidation, dissolution, or distribution of the assets; that it does not aver that there are profits out of which dividends to preferred stockholders could be legally paid; that the provision in the stock certificate in reference to the redemption of said preferred stock is invalid as being contrary to law and against public policy; and that it does not aver that defendant owes no indebtedness to creditors.

It would serve no good purpose to set out in full the certificate in question, however, so much of such certificate as is material to this case is as follows: "No. 10, 10 Shares SHELLER WOOD RIM MANUFACTURING COMPANY, CAPITAL STOCK—$100,000 PREFERRED STOCK $50,000 COMMON STOCK $50,000 Fully paid and non-assessable Annual Dividends Guaranteed Par value $100 Each. THIS IS TO CERTIFY THAT George V. Cring is the registered holder of ten shares of the preferred capital stock of the Sheller Wood Rim Manufacturing Company, transferable only on the books of the company by said owner in person or by his duly authorized attorney, upon surrender of this certificate properly indorsed. This stock is part of an issue amounting in all to $50,000 par value, authorized by resolution passed by a vote of the holders of more than three-fourths of the Common Stock of said company, at a special meeting of said stockholders and held at the Portland Commercial Association Headquarters in the City of Portland, Indiana, on the 30th day of June, 1919. The owners of this preferred stock shall receive, and the company guarantees to pay, dividends thereon at the rate of but never exceeding seven per cent per annum from and after the date of the issuance and sale thereof, the first installment of dividends to be paid on November 1st, 1919, and the remaining

installments to be paid semi-annually on the first day of May and the first day of November of each and every year thereafter, before any dividends shall be set apart or paid on the common stock. All or any part of this preferred stock may be redeemed at the option of the company, by vote of a majority of its Board of Directors, upon the giving of thirty (30) days' written notice by mail to the registered holders thereof. . . ." Then follows the manner and price at which such stock might be redeemed. The certificate further provides that "on the first day of November, 1929, or annually thereafter, at the option of the holders of said preferred stock, upon their giving to the company thirty (30) days' written notice of their desire to have their said stock redeemed then the same must be redeemed at par, and the semi-annual dividend due on the date of redemption, and be paid in full. In case of liquidation or dissolution of the assets of this company, the owners of this preferred stock shall be paid the par value of their preferred share, and the semi-annual dividend then due thereon, before any amount be distributed among the owners of the common stock. . . . in case of insolvency, or upon dissolution of said company, such debts or other liabilities shall be paid in preference to such preferred stock, nor shall such preferred stockholders be entitled to share in the assets of said company beyond the provisions herein made thereof. The company shall not have authority to convey its real estate or mortgage any of its property without the written consent of the holders of a majority of the shares of this preferred stock, nor shall it, without such consent declare any dividend upon its common stock that will impair its capital."

Appellant contends in several of his propositions and in many places in his argument that the instrument upon which the suit was brought is an instrument in

writing for the payment of money and that as such it was due and payable by the terms of the instrument when he exercised his option to have the same paid.

The law is well settled that a certificate of stock does not make the holder a creditor as well as a stockholder. He cannot be both creditor and debtor by virtue of his ownership of stock. *Star Publishing Company* v. *Ball* (1922), 192 Ind. 158, 134 N. E. 285; *Grover* v. *Cavanagh* (1907), 40 Ind. App. 340, 82 N. E. 104; *Warren* v. *Queen & Co., Inc.* (1913), 240 Pa. 157, 87 Atl. 595; *Hamlin* v. *Toledo R. R. Co.* (1897), 78 Fed. 664; *Spencer* v. *Smith* (1912), 201 Fed. 647. As was said in *Grover* v. *Cavanagh, supra,* "the holder of preferred stock is a shareholder in the corporation. He is not a corporation creditor, and has no rights as such. His rights are those of the common shareholder, except as those rights are limited by the statute and the contract, and the additional right to have his dividends paid out of the earnings and his stock redeemed out of the assets in preference to common shareholder. . . . The purchase of stock of a corporation is not a loan to the corporation of the amount of said stock. None of the elements of debtor and creditor exist. The purchase of stock is the purchase of so much of an interest in the assets and affairs of such corporation." The capital stock of a corporation constitutes a fund for the transaction of business and a trust fund for the benefit of creditors. *Marion Trust Company* v. *Blish* (1908), 170 Ind. 686, 84 N. E. 814, 85 N. E. 344; *Haskell* v. *Gardner* (1912), 50 Ind. App. 1, 93 N. E. 458.

The certificate in question certifies that appellant "is the registered holder of ten shares of the preferred capital stock" of appellee company. It confers upon him the rights of such ownership. It provides the manner in which such stock may be

transferred. It declares that the certificate is part of an issue of $50,000, "authorized by resolution" passed at a special meeting of the stockholders of such company and that such stock is entitled to and the company guaranteed dividends at the specified rate and the time when such dividends should be paid. The certificate also provides the rights of the holder in case of liquidation or dissolution and that the "company shall not have authority to convey its real estate or mortgage any of its property without the written consent of the holders of a majority of the shares of this preferred stock." Every essential feature of a certificate of preferred stock is embraced within this paper. It has all the characteristics of a certificte of preferred stock, and none of a contract creating the relation of creditor to the corporation. It contains no acknowledgment of the receipt of money by the corporation and the consequent promise to repay it thereby creating a loan by appellant to the company. We are of the opinion that the writing in question is clearly a certificate of preferred stock and that appellant is a stockholder and in no sense a creditor of appellee company. See *Spencer et al* v. *Smith et al.* (1912), 201 Fed. 647; *Warren* v. *Queen & Co.* (1913), 240 Pa. St. 154, 87 Atl. 595, for cases wherein certificates very similar in import to the one in question were held to be certificates of preferred stock. See also *Booth* v. *Union Fibre Co.* (1919), 142 Minn. 127, 171 N. W. 307.

It is appellees' position that appellant being a preferred stockholder is entitled to a preferential payment over common shareholders *only* in case of liquidation, dissolution, or distribution of the assets and that the provision in the stock certificates referring to the redemption of preferred stock is invalid as being contrary to law and against public policy. The case of *Spencer et al.* v. *Smith et al., supra,* is a case where suit

was brought on a certificate guaranteeing a specified dividend and reserved to the corporation the right to redeem after a specified date at $11 per share and bound the corporation to redeem before a certain date. The court, in discussing the validity of such a provision, said: ". . . the provision of the stock certificate which provides in case of the dissolution of the assets of the corporation that $11 per share shall be first paid to the holders of preferred stock is valid as against the holders of common stock and that this was all the parties to the certificates intended; that if, by any construction of the provision, it could be held to have intended a preference as against the creditors of the corporation, it is void as being against public policy. What has been said also compels the holding that the agreement contained in the stock certificate that the corporation will redeem all its preferred stock on or before January 1, 1916, if construed as allowing the corporation to pay the preferred stockholders . . . before paying the debts of the corporation is void as being against public policy."

The Supreme Court of Wisconsin, in the case of *Koeppler* v. *Crocker Chair Co.* (1929), 200 Wis. 476, 228 N. W. 130, in speaking of the validity of a provision in a stock certificate to redeem, said: "The general rule is that a corporation cannot give holders of preferred stock any preference, either in respect of payment of principal or dividends which will be superior to the rights of creditors, unless by virtue of express statutory authority, and in the absence of such authority (which is true in the instant case) any attempt to do so is contrary to public policy and void. . . .. In cases so holding the rights of creditors were generally involved, and in all such the contract has been held void as to creditors. The decisions generally are to the effect that such provisions are void as against public

policy if construed as giving to the holder of preferred stock the right of recovery in preference to creditors; but the provisions are generally construed as subject to the implied reservation that redemption may be made only in case the rights of creditors are not thereby prejudiced and the stock is held valid as to the corporation and consenting stockholders if creditor's rights are not prejudiced by the payment." It thus appears that a holder of preferred stock such as plaintiff's, situated as is plaintiff, is entitled to recover if the value of the corporation's assets exceeds its liabilities."

The Supreme Court of Pennsylvania, in the case of *Warren* v. *Queen & Co., supra,* in speaking of the rights of a preferred stockholder, said: ". . . it would be against public policy to permit a preferred stockholder to assert his claim as such against the funds of a corporation in preference to the claims of creditors. The stock of a corporation is its capital, and is responsive to the claims of its creditors. It is held in trust for the payment of the indebtedness of the corporation. . . . The stock is part of the capital of the corporation which the holder cannot withdraw until its indebtedness is paid. The preferred stockholder is but a stockholder with a right to have his dividend paid before dividends on the common stock are paid, and he is not entitled to any dividend until the corporation has funds which are properly applicable to the payment of dividends. . . . He has the right to the dividends on his shares to the extent authorized by his certificate in preference to the holder of common stock, but beyond this he has no right superior to the holder of common stock, and both hold their stock subject to the payment of the indebtedness of the corporation. This is the settled rule recognized in all jurisdictions. A corporation has no right to make any rules by which the holder of stock, common or preferred, may be preferred in the liquidation of its assets over the creditors of the corporation."

Appellee issued the certificate of preferred stock in question with knowledge of and pursuant to §§4992, 4993, 4994, 4995, 4996, and 4997, Burns 1926. In §4995 ·it is provided that the preferred stock shall be subject to redemption at not less than par at such time or times and upon such terms and conditions as shall be expressed in the certificates thereof, and further that in case of insolvency or upon the dissolution of said company, such debts or other liabilities shall be paid in preference to such preferred stock and that the preferred stock, however, shall at all times have priority in payment out of the assets of such company over the common stock thereof for the full face value together with all arrearages of interest or dividends due thereon.

Under the law a preferred stockholder whose stock has matured is entitled to have the same redeemed pursuant to the terms of the instrument unless the redemption of such stock cannot be done without prejudice to the rights of the creditors of the corporation, provided, however, that there is no fraud upon other stockholders. See 14 C. J. 507; 7 R. C. L. §171, p. 201; Fletcher Encycl. of Corp. Vol. 6, §3645, p. 6048; *Westerfield-Bonte Co.* v. *Burnett* (1917), 176 Ky. 188, 195 S. W. 477; *Rider* v. *John C. Delker & Sons Co.* (1911), 145 Ky. 634, 140 S. W. 1011, 39 L. R. A. (NS), 1007 and note; *Gunther Grocery Co.* v. *Hazel* (1918), 179 Ky. 775, 201 S. W. 336.

In *Gunther Grocery Co.* v. *Hazel, supra,* the court said: "The division of the capital stock into common and preferred stock was authorized by §564 Ky. Statutes and the preferred stock of this corporation, by its terms, and pursuant to the articles of incorporation was, after maturity at least, as against the corporation and owners of the common stock, the rights of no creditors being involved, but an indebtedness against the company which it was bound to redeem."

In *Koeppler* v. *Crocker Chair Co., supra,* the court said "that plaintiff is entitled to recover if the value of the corporation's assets exceed its liabilities; but that the burden is on the stockholder claiming the right to have his stock redeemed to show that redemption can be made without prejudice to the rights of creditors."

We hold that the allegations in the complaint in regards to the rights of creditors are sufficient to withstand the demurrer.

Under the law dividends can only be paid out of "the profits earned by the business of the corporation." *Allied Magnet Wire Corp.* v. *Tuttle* (1926), 199 Ind. 166, 156 N. E. 558. The complaint fails to aver that there is in the hands of the appellees, earnings or profits sufficient to pay the dividend on the preferred stock.

To hold that appellant is entitled to recover dividends when there are no profits out of which the same could be paid would be contrary to law and a fraud upon the rights of the other preferred stockholders.

Appellant seeks to have a lien declared against the assets of appellees to secure the payment of the face value of his preferred stock plus the unpaid dividends thereon. We are cognizant of no authority that would entitle appellant to such a lien.

The complaint states, at least, one complete and sufficient cause of action—the right to have the preferred stock redeemed and therefore cannot be vulnerable to an attack made by a demurrer addressed to the entire pleading. *Bayless et al.* v. *Glenn et al.* (1880), 72 Ind. 5.

Judgment reversed with instructions to overrule appellees' demurrer to the complaint.