JONES ET AL. *v.* BECKER ET AL.

[No. 26,709. Filed June 1, 1937. Rehearing denied June 11, 1937.]

*Karl M. Jacobs,* and *Andrew Jacobs,* for appellants.

*Noel, Hickam, Boyd & Armstrong, William H. Krieg,* and *Jones, Hammond, Buschmann & Gardner,* for appellees.

TREMAIN, J.—This is an appeal from an order appointing a receiver for the Jones-Whitaker Realty Company, a corporation, and ordering a sale of the real estate owned by the company. The issue is presented by the appellants, who filed an intervening petition to set aside the order appointing a receiver and all other orders pertaining to the sale of the assets of the company.

The record discloses that the Jones-Whitaker Realty Company was incorporated February 15, 1929, pursuant to Chapter 35, Acts of the General Assembly of 1921, and Acts amendatory thereof and supplemental thereto. The articles of incorporation provided for the issuance of 700 shares of preferred stock and 510 shares of common stock, each of the par value of $100. At the time of the incorporation of the said company, it is disclosed that there was another organization, the Jones-Whitaker Sales Company, engaged in the sale of automobiles. That company seems to have been controlled by the appellants herein. It was the desire of the sales company to organize the Jones-Whitaker Realty Company, Incorporated, for the purpose of the erection of a two-story building at the corner of 34th and Illinois

Streets in the city of Indianapolis, and, in order to procure the funds to construct said building, the appellants, representing the sales company, proposed to and did enter into an agreement with the Meyer-Kiser Bank of Indianapolis for the purpose of financing the new organization.

In consideration of the bank taking the $70,000 of preferred stock and hereby furnishing the fund with which to erect the sales building, it was agreed that the preferred stock be issued to bear cumulative dividends at the rate of six per cent per annum from February 15, 1929, payable quarterly, redeemable upon specified dates beginning August 15, 1931; that upon the organization of the sales company all common stock, except a qualifying share in the appellants and one other party, was issued to the Meyer-Kiser Bank as trustee, and to so remain until the preferred stock outstanding was redeemed, and so long as there was no default in the performance of the obligations to preferred stockholders; that the Jones-Whitaker Sales Company should lease the property at an annual rental sufficient to meet all preferred stock requirements and obligations of the realty company; that the appellants should individually guarantee the performance of the lease; that upon the failure of the sales company to pay the rental, the entire amount necessary to satisfy the preferred stock obligations should immediately mature and become collectable.

Following the execution of this agreement the Jones-Whitaker Realty Company was organized. Upon the erection of the building the sales company took possession under its lease. The sales company became bankrupt and ceased to pay rentals. Also, it appears that the appellants who guaranteed the lease were unable financially to satisfy it. The preferred stock certificates provides that upon failure of the corporation to comply with all their terms and conditions, or on failure to pay

dividends at the fixed dates, either on account of lack of funds or from any other cause, the shares represented by such certificates should become immediately redeemable and if the corporation failed to redeem the same upon demand, after default, the holders of three-fourths in amount of such shares should be entitled to require the liquidation of the company and the application of its assets to the payment of creditors and stockholders.

On March 5, 1936, the appellee Becker was the owner of seventy shares of the preferred stock of the par value of $7,000. On that date none of the preferred stock had been redeemed, although the amount of $17,000 was past due and matured. Also, there was a large amount of cumulative dividends unpaid upon the preferred stock. Attempts had been made to rent the building of the realty company for a sum sufficient to meet the obligations of the preferred stock, but it was found to be impossible to rent it for a sum sufficient to pay the preferred dividends and matured preferred stock. It was upon these facts that the court appointed a receiver to take charge of the property, and to administer the assets of the corporation under the usual power given to a receiver.

The appellants were not officers of the company. When the action asking for the appointment of a receiver was filed, summons was issued, and the officers, including the president, appeared immediately and filed answers. A hearing was had and a receiver was appointed and qualified, and proceeded with the administration according to law. On March 14, 1936, the receiver filed a petition alleging that a sale for cash would result in a sacrifice, and, to turn the property back to the corporation would result in a multiplicity of legal actions, and reported to the court that a company had been incorporated to buy in the real estate for the benefit of all the stockholders.

The reorganization plan, upon due notice, was submitted to the court and approved. The property was appraised by disinterested, competent appraisers for the sum of $48,274. All of the outstanding preferred stock of the par value of $70,000 was placed in the possession of the reorganization company, with the agreement and understanding that if the new company purchased the building, the preferred stockholders would accept common stock in the new organization in place of their preferred stock in the sales company. The order of sale provided that the new company, in submitting a bid to the receiver, should have the right to deliver to the receiver preferred stock in place of cash. It is shown that there were no other creditors of the sales company. After due notice of the sale, and upon the day fixed, the holding company, acting for the preferred stockholders, bid the sum of $69,000, which was the highest and best bid received, and the property was sold to the holding company. A final report was made by the receiver reciting all the facts pertaining to the trust, and showing full payment of all outstanding indebtedness, and that the purchase price had been paid by the surrender of the 700 shares of preferred stock. The report was approved.

Two days later the appellants appeared and filed an intervening petition and asked to be made parties to the proceeding. This was granted and they filed objections to the affirmance of the receiver's final report. They objected to the order appointing a receiver, the plan of reorganization, the sale of the assets, the appointment of appraisers, and confirmation of the sale. Evidence was heard and the court overruled appellants' objections.

Several minor questions are discussed concerning procedural matters which need not be given attention in this opinion.

The appellants' first and principal objection is that there is no ground shown for the appointment of a re-

ceiver, and to sustain them in this contention they cite and rely chiefly upon *Allied Magnet Wire Corp.* v. *Tuttle* (1927), 199 Ind. 166, 154 N. E. 480, 156 N. E. 558. In that case the receivership was denied by a divided court. The case at bar presents facts entirely different from that case. In that case there was no question of multiplicity of suits, or a possible preference arising among the stockholders, since all the preferred stock in the Allied Magnet Wire Corporation case was owned by one person. There, none of the stock had matured, and no day definite for its maturity was fixed by the articles of incorporation or otherwise. In the case at bar the records show the possibility of a multiplicity of suits resulting in a preference to some stockholders over others; that $17,000 of the preferred stock was past due and matured at the time the receivership proceedings were commenced; that a large sum was in default in payment of dividends upon preferred stock; that there was no means or property from which an income could be derived sufficient to pay dividends and retire matured stock; that to permit the realty company to continue, would increase the losses and the possibility of a preference of one stockholder over the other.

The appellants, in the hearing upon their exceptions to the receiver's report, made no proof as to the value of the property, nor did they attempt to show that they had or could furnish a bidder for the property. They claimed that the court was unauthorized to direct the receiver to accept the preferred stock instead of cash upon the sale. Had the bidders been required to pay cash, it would have been returned immediately to the preferred stockholders to whom it was owing. There can be no legal objections to such bid under the circumstances presented in this case. The rights of creditors are not involved. The appellants

failed to perform their guaranty upon the rental contract with the sales company, and thereby contributed to the default in the payment of dividends and the retirement of matured stock.

Under the facts presented, no doubt can exist as to the authority of a court of equity to appoint a receiver. After the receiver was appointed only one course presented itself whereby accrued dividends could be paid or matured stock redeemed, and that was the sale of the property. A court of equity, of course, should not take from the legally constituted officers of a corporation the management of its affairs and the property of a corporation, and deliver it over to a receiver if such can be prevented, or if other sources are present whereby the property can be operated to meet its obligations. Such powers are exercised by a court of equity with due care and caution, and in cases only where it is made to appear clearly that it is for the best interest of all parties concerned. The facts clearly make it appear that the exigencies of the case demanded that a receiver be appointed and the sale had. *Supreme Sitting of the Order of the Iron Hall* v. *Baker* (1893), 134 Ind. 293, 33 N. E. 1128, 20 L. R. A. 210; *Cring* v. *Sheller Wood Rim Mfg. Co.* (1934), 98 Ind. App. 310, 183 N. E. 674; *Miller* v. *M. E. Smith Bldg. Co.* (1929), 118 Neb. 5, 223 N. W. 277; 14a C. J. 944, §3159.

The record shows proper notices were given of the filing of the original action and of all other steps taken. Appellants were not and could not have been harmed because of lack of notice. They have had their day in court, and have failed to establish illegality in the proceedings. They do not deny default in the payment of dividends and the failure to redeem matured preferred stock. Nor do they contend that the corporation had funds with which to meet such claims,

nor point to any source from which funds can be obtained. They wholly fail to make any showing to warrant a reversal of the cause.

Judgment is affirmed.