The State, *ex rel.* Shepard, Receiver, *v.* Sullivan·*et al.*

No. 14,964.

## THE STATE, EX REL. SHEPARD, RECEIVER, *v.* SULLIVAN ET AL.

RECEIVER.—*Official Bond Executed by Debtor.*—*Receiver May not Enforce.*— The receiver of an insolvent debtor has no right of action to enforce the collection of the penalty of an official bond executed by the debtor and his sureties.

SAME.—*Sureties on Debtor's Official Bond.*—*Not Affected by Decree Appointing Receiver.*—The sureties on an official bond executed by an insolvent debtor are not concluded by a decree appointing a receiver, in a proceeding to which they are not parties, from resisting the enforcement of the bond against them at the suit of the receiver.

From the Marion Superior Court.

*H. N. Spaan, S. Claypool* and *W. A. Ketcham,* for appellant.

*J. S. Duncan* and *C. W.·Smith,* for appellees.

ELLIOTT, C. J.—The relator was appointed receiver, on the petition of the creditors of John E. Sullivan, and seeks to recover the full penalty of the official bond executed by the defendant Sullivan as principal, and the appellees as sureties. This bond was executed by the obligors to secure the faithful performance by Sullivan of the duties of the office of clerk of Marion county. The condition of the bond was broken by the embezzlement by Sullivan of large sums of money paid to him as clerk, and due to many persons.

It is our judgment that, upon the facts appearing of record, the persons to whom the money appropriated by the defaulting clerk belonged, are the only ones who can maintain actions on his official bond, and that there is no right of action in the receiver.

The relator was appointed a receiver of the assets of Sullivan, and was invested with authority to collect and dispose of those assets and to disburse the proceeds; but this author-

ity vested in him no right of action on Sullivan's official bond. The enforcement of the bond against Sullivan and his sureties is not the collection of a claim due Sullivan, but on the contrary, is the enforcement of a claim against him. To enforce a claim against a debtor is a very different thing from enforcing one in his favor, and it is inconceivable that a person with authority to collect claims due the debtor can enforce claims against him. That the debtor is liable as principal, and others are liable with him as sureties, can make no difference, for the rule which controls is this : No right of action vests in a receiver to enforce a bond executed by a debtor whom he represents. The receiver was appointed to secure what was due Sullivan, and not to secure judgments upon bonds executed by him, and it is not within the scope of the receiver's authority to prosecute actions upon such bonds. It is to be kept in mind that a receiver has no original, intrinsic authority, for all the authority he possesses is that delegated to him by the interlocutory decree appointing him. His authority is, therefore, a derivative one, and can not extend beyond the decree from which it is derived.

The rights of action vested in a receiver are transmitted by the order of appointment, but their original source is the debtor, whose assets and rights are placed in the receiver's hands by the order of the court. The general rule is that a receiver can not have, nor be made to have, any right of action not vested in the debtor, and there are, as we now remember, only two exceptions to this general rule; one is that a receiver may maintain a suit to set aside a fraudulent conveyance, and the other is that where the statute authorizes it the receiver of an insolvent corporation may sue the stockholders. The first instance is a real exception, but the second is, in truth, no more than an apparent one, for the corporation and its stockholders are distinct beings, in legal contemplation ; so that the receiver of a corporation who sues a stockholder does not in reality sue the debtor whose estate he represents. But it is not necessary to discuss the