No. 13,785.

BARGER v. HOOVER ET AL.

MORTGAGE.—*Married Woman.*—*Husband and Wife.*—*Tenants by Entireties.*—
*Consideration.*—*Party in Interest.*—Mrs. L., her husband joining, conveyed
real estate to H. and wife jointly. For $1,000 of the purchase-money
H. contracted to build for Mrs. L. a house. To secure the performance
of the contract, H. and wife executed to Mrs. L. a mortgage upon the
real estate. Afterwards H. entered into a contract with B., whereby the
latter agreed to build the house for $800. He did build it, and when it
was completed there was due him $445. The house was accepted by
Mrs. L., and she released her mortgage. To secure B., H. and wife ex-
ecuted a note and mortgage on the same real estate, payable to Mrs. L.,
who did not know of the execution of the same until she was requested
by B. to endorse them to him, which she did. In an action by B. to
foreclose the mortgage,
*Held,* that such mortgage is upon a sufficient consideration, and is a valid
and enforceable obligation as against both H. and his wife.
*Held,* also, that Mrs. L. has no interest in the note or mortgage, and that
B. is entitled to recover thereon for his own benefit.

From the Elkhart Circuit Court.

*J. M. Vanfleet, J. H. State* and *L. Chamberlain,* for ap-
pellant.

*O. T. Chamberlain* and *P. L. Turner,* for appellees.

OLDS, J.—This was an action by appellant against the
appellees on a note and mortgage given by appellees Hoover
and Hoover to the appellee Lesher, and by her endorsed to
appellant. The appellee Amanda Lesher filed an answer,
that when she endorsed the note and mortgage she was a
married woman.

Hoover and Hoover answered, alleging that they were
husband and wife, and owned the land mortgaged by entire-
ties, and that the debt sued for was the individual debt of
the husband. They also filed an answer of want of consid-

eration.   There was a trial by the court and a special find-
ing of facts and conclusions of law stated by the court, ex-
ceptions to conclusions of law by appellant, and appellant
also filed a motion for a new trial.

The finding of facts shows that on the 30th day of March,
1885, the defendant Amanda Lesher, and her husband con-
veyed the land described in the mortgage sought to be fore-
closed to the defendants Jonas O. and Cora B. Hoover, who
were at that time and have ever since been husband and
wife; that as a consideration for such conveyance Hoover
and Hoover, on said date, conveyed to the said Amanda
Lesher a house and lot, and of the consideration there re-
mained unpaid a balance of $1,000.   Jonas Hoover en-
tered into a written contract with Amanda Lesher agree-
ing to build her a house for the stipulated price of one thou-
sand and forty dollars, Lesher to pay forty dollars cash on
the completion of the house, and the remaining one thousand
dollars to be in satisfaction of the balance due upon the land,
and null and void upon the completion of the house, in pur-
suance of said contract.   Hoover and Hoover executed a
mortgage on land in Lagrange county to secure the perform-
ance of the contract; afterwards said mortgage on the La-
grange county land was cancelled, and in lieu thereof Hoover
and Hoover executed a mortgage on the land purchased of
Lesher to secure the performance of said contract.   After-
wards Jonas O. Hoover contracted with the appellant, Bar-
ger, to build the house he had contracted to build for Mrs.
Lesher, for which he was to pay appellant $800.   Appellant
built the house in accordance with the contract.   When it was
completed there was a balance due Barger of $445.   On the
23d day of October, 1885, the house was turned over to Mrs.
Lesher, and she accepted it and executed a release of the
mortgage and delivered the release to one P. L. Turner, with
instructions to deliver the same to Hoover if appellant filed
no lien against the property within the time allowed by law,
or upon a receipt of a release of the plaintiff.   The plaintiff

threatened to take a lien upon the house and property turned over to Mrs. Lesher, and on the 14th day of November, 1885, at the request of the plaintiff, and to secure his debt, Hoover and Hoover executed the note and mortgage sued upon for $445, and made the same payable to said Amanda Lesher, but the said Amanda did not know of the execution of the same until she was called upon to endorse the note, and she endorsed the same to the plaintiff, at his request; that the indebtedness to plaintiff has never been paid; that there is due on the note and mortgage five hundred and forty-one dollars.

The court stated as conclusions of law: 1st. That plaintiff is entitled to recover against the defendant Jonas O. Hoover the sum of $541, without relief from valuation and appraisement laws. 2d. That the plaintiff is not entitled to a foreclosure of the said mortgage, nor to a sale of the property therein described.

At the time of the purchase of the land and conveyance of the same by Amanda Lesher and husband to the Hoovers, the Hoovers were indebted to said Amanda in the sum of $1,000, the balance of the purchase-money. The contract on the part of Jonas O. to build the house did not, nor did the contract with the appellant to build the house, satisfy or operate as a payment of the debt to Mrs. Lesher. At the time of the commencement of this suit there still remained $445, with interest, of the joint debt of Hoover and Hoover which neither of the Hoovers had paid. *Bristol Milling, etc., Co.* v. *Probasco*, 64 Ind. 406; *Travellers Ins. Co.* v. *Chappelow*, 83 Ind. 429; *Olvey* v. *Jackson*, 106 Ind. 286.

The husband, Jonas O. Hoover, undertook and contracted to pay the debt by building a house for Mrs. Lesher, but he never did it; he never built the house nor did he pay appellant for building it. The only person that contracted to pay the debt for Mrs. Hoover was her husband, and had he done so it would have operated as a payment and to her benefit, and she is entitled to the benefit of his contract so far as he

Barger *v.* Hoover *et al.*

executed and performed it. The mortgages to Mrs. Lesher were valid, for they were for the security of her own debt. *Security Co.* v. *Arbuckle*, 119 Ind. 69. She received a a valid consideration for them, and at the time of the execution of the note and mortgage in suit there was remaining unpaid of the joint debt of her and her husband the sum of $445. Mrs. Hoover had not paid the debt, neither had her husband paid it. The note and mortgage sued upor were given as a satisfaction for the joint debt of Hoover anc Hoover, and it was a valid consideration for the note ar mortgage.

The facts found show that Mrs. Lesher had no interest the note; that it was given for the benefit of appellant ai he was entitled to recover upon it. The house which s contracted to be built for her had been constructed, a when the contractor and builder had been paid the amov due him for its construction, she had no further interest, a l the note was given for the debt due him, and he was t e proper party to sue upon the note.

The court erred in its conclusions of law.

Judgment reversed, with costs, with instructions to the court below to restate its conclusions of law and render judgment in favor of appellant against appellees Hoover and Hoover for the amount found due, and for the foreclosure of the mortgage.

Filed June 5, 1889; petition for a rehearing overruled Oct. 10, 1889.