## BURLISON v. CARL ET AL.

[No. 12,279.   Filed October 16, 1925.]

1. APPEAL.—*Objection must be made and exception taken at time of court's ruling to present any question for review.*—To present any error for review on appeal, the record must show that an objection was made and exception taken at the time of the court's ruling.   p. 514.

2. ASSIGNMENTS.—*Assignment by plaintiff of all his interest in contract precludes his maintaining action thereon.*—A party to a contract that had assigned all his interest therein to another cannot maintain an action thereon, and, if he attempts to do so, judgment is properly rendered for the defendant.   p. 515.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by Mittie Burlison against Henry W. Carl and another.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*   By the court in banc.

*Oscar Birch* and *Benjamin F. Zieg,* for appellant.
*Spencer, Ensle & Spencer,* for appellees.

NICHOLS, P. J.—Action by appellant, against appellees, to recover money as damages on account of the breach of a certain written contract for the sale of real estate entered into between appellant and appellees and to recover money paid by appellant to appellees on said written contract.   Appellees answered in denial and, at the trial, introduced in evidence a written assignment of the contract for the breach of which appellant sued.   There was no objection to reading this assignment in evidence because it was not within the issue.   It does not appear by the statement of the record that there was any objection or exception to its admission, until the motion for a new trial was filed.   No question, therefore, is presented as to the court's ruling in admitting such evidence, and for the

same reason in admitting any other evidence. The record must show the objections made and exceptions taken at the time of the court's ruling on the offered evidence. *Chicago, etc., R. Co.* v. *Ader* (1915), 184 Ind. 235, 239, 110 N. E. 67; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Adolph Kempner Co.* v. *Citizens Bank, etc.* (1917), 64 Ind. App. 632, 116 N. E. 440.

It appears by this assignment that appellant had, before she commenced her action, assigned all of her interest in the contract to her husband. Thereafter, she had no right of action, and judgment was properly rendered against her. The court did not err in its decision.

Judgment affirmed.