George A. FINNEY, Appellant–Plaintiff,

v.

Kevin B. RELPHORDE,
Appellee–Defendant.

No. 37A04–9206–CV–181.

Court of Appeals of Indiana,
Fourth District.

April 14, 1993.

George A. Finney, pro se.

## Case Summary

CHEZEM, Judge.

Plaintiff–Appellant, George Finney (Finney), appeals from the trial court's award of damages. We affirm.

## Issue

Finney asks us whether it was proper for the trial court to deny treble and punitive damages.

## Facts and Procedural History

Finney filed disciplinary charges with the Supreme Court Disciplinary Commission against Defendant–Appellee, Kevin Relphorde (Relphorde). Relphorde received $3,000.00 from Finney while he represented him as a public defender. The Disciplinary Commission found Relphorde had committed attorney misconduct and required him to refund Finney $1,800.00. Finney filed his complaint with the trial court for the remaining $1,200.00 and asked also for treble and punitive damages. The trial court entered default judgment as to the issue of liability and held a hearing on the issue of damages. It was found by the trial court that Finney had not proved damages in excess of the $3,000.00. R. 150. Finney was awarded $1,200.00.

## Discussion and Decision

█ We first note that Relphorde failed to file a brief. Thus, we apply a less stringent standard of review. Finney need only establish a *prima facie* error to win reversal. *Beck v. Mason* (1991), Ind.App., 580 N.E.2d 290, 291. "Prima facie error" is error at first sight, on first appearance, or "on the fact of it." *Pettiford v. State* (1987), Ind.App., 504 N.E.2d 324, 326.

█ We must decide whether it was proper for the trial court to deny Finney his request for treble and punitive damages. Finney argues that he is entitled to treble damages under I.C. 34–1–60–9:

> An attorney who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge or a party to an action or judicial proceeding, commits a Class B misdemeanor, and he shall also forfeit to the party injured treble damages, recoverable in a civil action.

The record indicates that neither the Disciplinary Commission or a court determined that Relphorde had committed an act of deceit or collusion and he has not been convicted of a Class B misdemeanor under the statute. We have held that this statute does not create a new cause of action for damages, but that the injured party must allege and prove deceit rising to the level of a Class B misdemeanor and damages stemming therefrom. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 403. We cannot, therefore, premise an award of treble damages upon this statute.

Finney did not allege the elements necessary for civil fraud in his complaint. Even had those elements been averred by Finney, the trial court did not find that Relphorde committed civil fraud. Finney, in essence, asks us to reweigh the evidence on the issue of fraud. On a claim of sufficiency we will neither reweigh the evidence nor judge the credibility of witnesses. Nonetheless, upon a finding of civil fraud, it is within the discretion of the trial court to award punitive damages. Such is not mandatory upon a finding of civil fraud.

Nor did Finney allege and prove that Relphorde was convicted of criminal fraud. *See* I.C. 35–43–5–3. Thus, he may not recover treble damages under I.C. 34–4–30–1, which allows for treble damages predicated by a showing of criminal fraud. Accordingly, Finney has failed to establish a *prima facie* error to win reversal.

Affirmed.

MILLER and FRIEDLANDER, JJ., concur.