Christina BLUNT–KEENE,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–9812–PC–978.

Court of Appeals of Indiana.

March 24, 1999.

David Glickfield, Jr., Marion, Indiana, Attorney for Appellant.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Christina Blunt–Keene ("Blunt–Keene") appeals the denial of her petition for post-conviction relief from her conviction pursuant to a plea of guilty to Operating a Vehicle with a Blood Alcohol Content ("BAC") Greater than .10%, a class C misdemeanor.[1] We reverse.

### Issues

The sole issue raised by Blunt–Keene is whether the trial court's conclusion that the State had established its affirmative defense of laches is clearly erroneous. We address the additional issue of whether Blunt–Keene carried her burden of establishing her entitlement to post-conviction relief based on her assertion that her guilty plea was not entered knowingly, intelligently, and voluntarily.

### Facts

The dispositive facts show that Blunt–Keene was not represented by an attorney at her guilty plea hearing. (R. 43). The trial court orally advised Blunt–Keene and others of their rights en masse. (R. 40–41). When addressing Blunt–Keene individually, the trial court did not specifically discuss Blunt–Keene's 1) right to a trial by jury, 2) right to confrontation, and 3) right against self-incrimination. (R. 42–44). It would appear from the record presented on appeal that no written plea agreement was executed nor did Blunt–Keene execute a written waiver of rights.

Blunt–Keene filed the instant petition for post-conviction relief. (R. 3). The chronological case summary does not reflect that the State filed an answer to the post-conviction petition.[2] (R. 3). At the hearing on Blunt–Keene's petition, the State raised the affirmative defense of laches asserting that the police officer who had arrested Blunt–Keene had since died. (R. 23, 34). However, the State presented no evidence to demonstrate that the police officer in question had died but only referred to the matter during the argument of counsel. (R. 34).

The post-conviction court denied Blunt–Keene's petition finding laches based on the death of the arresting police officer. (R. 9–11). This appeal ensued.

---

1. The charging information was not included in the record. Operating with a BAC Greater than .10% is proscribed by IND CODE § 9–30–5–1.

2. The State must affirmatively plead the defense of laches in its answer to a petition for post-conviction relief. *Twyman v. State,* 459 N.E.2d 705, 711 (Ind.1984); Ind. Trial Rule 8(C).

## Discussion and Decision

### Prima Facie Error

At the outset, we note that the State did not file an appellee's brief. However, this circumstance in no way relieves us of our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required. *See Brickert v. State,* 673 N.E.2d 493, 495 (Ind.Ct.App.1996), *trans. denied.* However, controverting arguments advanced for reversal is an obligation which properly remains with counsel for the appellee. *Id.* Accordingly, when an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck,* 649 N.E.2d 673, 676 (Ind. Ct.App.1995), *trans. denied.* In this context, prima facie error means error at first sight or appearance. *Finney v. Relphorde,* 612 N.E.2d 191, 192 (Ind.Ct.App.1993).

### Standard of Review—Post–Conviction Relief

Indiana's post-conviction rules do not afford convicted persons an opportunity for a super appeal, but instead create a narrower remedy permitting the collateral challenge of convictions under certain enumerated circumstances. *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993). The post-conviction petitioner bears the burden of establishing his grounds for relief by a preponderance of evidence. *Id.* at 917; Ind. Post–Conviction Rule 1(5). On review, the appellate courts may consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court which is the sole judge of the evidence and the credibility of the witnesses. *Weatherford,* 619 N.E.2d at 917. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.*

### I. Laches

While post-conviction relief may be available at any time, the right to relief may be directly or impliedly waived. *Lile v. State,* 671 N.E.2d 1190, 1194 (Ind.Ct.App. 1996). To this end, the State may raise the affirmative defense of laches. *Id.* For the doctrine of laches to bar relief, the State must prove by a preponderance of evidence that the petitioner unreasonably delayed in seeking relief and that the State was prejudiced by the delay. *Id.* The burden of proving laches rests entirely upon the State. *Twyman v. State,* 459 N.E.2d 705, 712 (Ind. 1984).

It is axiomatic that the arguments of counsel are not evidence. *See Young v. Butts,* 685 N.E.2d 147, 150 (Ind.Ct. App.1997) (arguments of counsel constitute no evidence whatsoever). It is likewise axiomatic that a complete failure of proof on an element of a claim is fatal to that claim. *Dixon v. State,* 425 N.E.2d 673, 674–75 (Ind. 1981) (insufficient evidence will be found where there is an absence of substantial probative evidence upon a material element).

As the State failed to present any evidence in support of its claim that the arresting police officer had died, the evidence is insufficient to support the State's affirmative defense of laches. Therefore, the post-conviction court's finding that the State had met its burden of proving laches is clearly erroneous.

### II. Knowing, Intelligent, and Voluntary Waiver—En Masse Advisement

Before a guilty plea may be considered knowing, voluntary, and intelligent, the record must disclose that the defendant knew he was waiving three particular constitutional rights: the right to trial by jury, the right to confrontation, and the right against self-incrimination. *Griffin v. State,* 617 N.E.2d 550, 552 (Ind.Ct.App.1993) (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). An en masse advisement of rights is an acceptable procedure so long as the procedure is coupled with the guilty plea court's personal interrogation of the defendant to determine whether the defendant understands his rights and the concept of waiver. *Id.* However, when the record is silent regarding the defendant's knowledge and understanding of his rights and the concept of waiver, the defendant is entitled to post-conviction relief. *Id.* at 553

(we may not presume that a defendant hears and understands an en masse advisement).

In the present case, the record is silent regarding Blunt–Keene's understanding of her *Boykin* rights and the concept of waiver. Therefore, Blunt–Keene has demonstrated her entitlement to post-conviction relief. *See Griffin,* 617 N.E.2d at 553.

Reversed.

STATON, J., and FRIEDLANDER, J., concur.