**E & L RENTAL EQUIPMENT, INC., Appellant–Defendant,**

v.

**Gregory GIFFORD, Appellee–Plaintiff.**

**No. 46A04–0008–CV–321.**

Court of Appeals of Indiana.

March 12, 2001.

---

Jennifer L. Evans, Michigan City, IN, Attorney for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, E & L Rental Equipment, Inc. (E & L), appeals the trial court's verdict rendered in favor of the Appellee Plaintiff, Gregory Gifford (Gifford).

We reverse and remand with instructions.

### ISSUES

E & L raises three issues on appeal, two of which we find dispositive[1] and restate as follows:

1. Whether the trial court lacked subject matter jurisdiction over this claim because Gifford failed to exhaust his administrative remedies.

2. Whether the trial court erred in allowing Gifford to recover on his wage claim when he had assigned his claim to the Commissioner of Labor.

### FACTS AND PROCEDURAL HISTORY

Gifford was employed by E & L as a mechanic. On July 3, 1997, E & L presented Gifford with a paycheck in the amount of $314.18. During his lunch hour that day Gifford attempted to cash his paycheck at the bank it was written on; however, the bank informed him that there was not sufficient funds in E & L's account to cash the check. Gifford returned to work that afternoon, informed the office secretary that the check was not good and returned the check to her. Later that afternoon, E & L's president deposited funds in E & L's checking account. On the following Monday, July 7, 1997, Gifford returned to work and quit his job.

On July 28, 1997, Gifford filed a wage claim with the Indiana Department of Labor and assigned this claim to the Commissioner of Labor. On September 19, 1997, the Department of Labor sent E & L an initial letter requesting a response to Gifford's wage claim within two weeks. On September 25, 1997, E & L's president, Richard Loniewski (Loniewski), responded to the Department of Labor and indicated that he had attempted to pay Gifford but Gifford refused payment by check or cash. Loniewski also informed the Department of Labor that he was still willing to pay Gifford. Subsequently, on October 15, 1997, the Department of Labor sent a letter to Loniewski informing him that Gifford had assigned his claim to the Department of Labor and that any payment must be sent to the Department. This letter also indicated that unless Loniewski sent a check for Gifford's wages to the Department of Labor by October 29, 1997, legal remedies would be pursued. Accordingly, on October 21, 1997, Loniewski sent a check to the Department of Labor for $314.18. However, Gifford did not return the receipt/release forms to the Department of Labor in order to receive E & L's check, and on January 22, 1998, the Department of Labor returned E & L's check to Loniewski.

Prior to this, on October 2, 1997, Gifford filed a small claims action for non-payment of wages against Loniewski and E & L in the LaPorte Superior Court. Gifford requested treble damages, attorney fees, costs and interest under Ind.Code § 22–2–5–2. This matter went to trial on June 6, 2000, and the trial court issued Findings & Judgment on June 23, 2000. The trial court awarded Gifford treble damages in the amount of $942.54, attorney fees in the amount of $500.00, and $35.00 for court costs.

This appeal followed.

### DISCUSSION AND DECISION
#### Standard of Review

Initially, we note that Gifford did not file a response brief. When an appel-

---

1. Because we conclude that Gifford was not the proper person to bring this action, we need not reach E & L's third issue concerning whether the trial court erred in awarding attorney fees to Gifford.

lee fails to file a response brief, we need not develop his arguments. *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind.Ct.App. 1999). "However, this circumstance in no way relieves us of our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required." *Blunt–Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct.App.1999). Rather, we apply a less stringent standard of review in which we may reverse the trial court if the appellant makes a *prima facie* showing of reversible error. *Id.* "Prima facie in this context is defined as 'at first sight, on first appearance, or on the face of it.' Where an appellant is unable to meet this burden, we will affirm." *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985)).

### Subject Matter Jurisdiction

■■■ E & L argues that the trial court did not have subject matter jurisdiction over this matter because Gifford failed to exhaust his administrative remedies with the Department of Labor. In Indiana, when the legislature has provided a statutory scheme with an exclusive administrative remedy, courts lack jurisdiction to hear a matter until the administrative procedures have been exhausted or request for relief has been denied. *Medical Licensing Bd. of Indiana v. Provisor,* 678 N.E.2d 814, 817 (Ind.Ct.App.1997), *reh'g denied.* In that regard, Ind.Code § 4–21.5–5–4 provides:

(a) A person may file a petition for judicial review under this chapter only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review.

(b) A person who:

(1) fails to timely object to an order or timely petition for review of an order within the period prescribed by this article; or

(2) is in default under this article;

has waived the person's right to judicial review under this chapter.

However, Gifford is not challenging the action of an administrative agency; rather, his claim is against his former employer for the non-payment of wages, and is brought under I.C. § 22–2–5–2. I.C. § 22–2–5–2 provides as follows:

Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

Thus, a review of I.C. § 22–2–5–2 clearly shows that a plaintiff seeking damages for nonpayment of wages under this statute may file in any court having jurisdiction. *See Id.* Consequently, a plaintiff bringing a claim under I.C. § 22–2–5–2 is not required to first exhaust any available administrative remedies prior to filing suit. Therefore, we conclude that the trial court had subject matter jurisdiction over Gifford's claim.

### Assignment to the Commissioner of Labor

■■■ E & L argues that Gifford assigned his claim to the Commissioner of Labor and as a result Gifford was not the real party in interest to bring this action in the trial court. We agree.

■■■ An assignment transfers a complete and present right in a subject matter to the assignee. *Ticor Title Ins. Co. of California v. Graham,* 576 N.E.2d 1332, 1338 (Ind.Ct.App.1991). Assignments may

substitute " 'a new party as the focus of legal relations' " with respect to the right assigned. *Essex v. Ryan,* 446 N.E.2d 368, 374 (Ind.Ct.App.1983). "In determining whether an assignment has been made, the question is one of intent. A written agreement assigning a subject matter must manifest the assignor's intent to transfer the subject matter clearly and unconditionally to the assignee." *Brown v. Indiana Nat. Bank,* 476 N.E.2d 888, 894 (Ind.Ct. App.1985) (citations omitted).

On July 28, 1997, Gifford filed his wage claim with the Department of Labor and assigned his claim to the Commissioner of Labor. The wage claim document Gifford signed and filed with the Department of Labor contained the following language:

### ASSIGNMENT

Pursuant to IC 1971, 22–2–9–5,[2] I hereby assign to the Commissioner of Labor all my rights, title and interest in and to the above certified claim for processing in accordance with the provisions of IC 1971, 22–2–9–1, et seq.

(R. 71). This language demonstrates Gifford's intent to assign this claim clearly and unconditionally to the Commissioner of Labor. *See Brown,* 476 N.E.2d at 894.

■ Thus, the issue becomes whether as a result of this assignment, Gifford was not the real party in interest to bring this action in the trial court. "A real party in interest ... is the person who is the true owner of the right sought to be enforced. He or she is the person who is entitled to the fruits of the action." *Hammes v. Brumley,* 659 N.E.2d 1021, 1030 (Ind.1995). After a cause of action is fully assigned, the assignor is no longer a proper party to sue and has no right of action. *See Burlison v. Carl,* 83 Ind.App. 514, 149 N.E. 89, 90 (1925) and *Barger v. Hoover,* 120 Ind. 193, 21 N.E. 888, 890 (1889). Here, Gifford completely assigned his wage claim to the Commissioner of Labor,[3] and although he was entitled to any amounts recovered by the Commissioner of Labor, the Commissioner of Labor was the proper party to bring this action.

■ An objection based on whether a plaintiff is the "real party in interest" asserts that the plaintiff is not the owner of the claim sued on. *State Farm Mut. Auto. Ins. Co. v. Shuman,* 175 Ind.App. 186, 370 N.E.2d 941, 950 (1977). Ind. Trial Rule 17(A) requires that: "Every action shall be prosecuted in the name of the real party in interest." However, T.R. 17(A) also provides that: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action...." *Id.* Nonetheless, under T.R. 12(B)(6), when the real party in interest does not ratify, substitute or join the action, the remedy for an action brought by a party other than the real party in interest is dismissal.

In light of our standard of review, we conclude that E & L has presented a *prima facie* showing of reversible error in that Gifford was not the real party in interest to bring this action. *See Blunt–Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct. App.1999).

2. This assignment was made under the provisions of I.C. § 22–2–9–5, which states:

The commissioner of labor is hereby authorized to take assignments of wage claims of less than eight hundred dollars ($800.00), rights of action for penalties, mechanics and other liens of workers, without being bound by any of the technical rules with reference to the validity of such assignments; and shall have power and authority to prosecute actions for the collection of such claims of persons who, in the judg-ment of the commissioner, are entitled to the services of the commissioner and who, in his judgment, have claims which are valid and enforceable in the court. The commissioner shall have power to join various claimants in one (1) preferred claim or lien, and, in case of suit, to join them in one (1) cause of action.

3. There is no indication in the Record that Gifford rescinded the assignment he made to the Commissioner of Labor in this matter.

### CONCLUSION

Consequently, based on the foregoing, we reverse the trial court's judgment, and remand this matter to trial court with instructions to vacate its judgment and to dismiss this case.

Reversed and remanded with instructions.

DARDEN, J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissenting.

I respectfully dissent. The majority cites to the following provision of Trial Rule 17: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action." T.R. 17(A); *see* op. at 1031. The majority then relies on Trial Rule 12(B)(6) in concluding that the trial court erred in granting judgment to Gifford because the Commissioner of Labor, as the real party in interest, did not ratify, substitute or join the action. Op. at 1031. However, the record does not reflect that E & L objected in the trial court to Gifford's status as the real party in interest, nor that the Commissioner of Labor was ever informed of the pending action such that he could choose to ratify or join the action. As such, I do not believe that a Trial Rule 12(B)(6) dismissal is appropriate in this case. Despite our standard of review, and in light of Trial Rule 17, it was still E & L's obligation in the trial court to make an objection to Gifford's status, which it did not do. Its failure to do so raises the problem created by Trial Rule 17 which precludes dismissal. Accordingly, I dissent from the reversal of the trial court's judgment.