**Anna QUIMBY, Appellant,**

v.

**BECOVIC MANAGEMENT GROUP, INC., Appellee.**

No. 49A05–0912–CV–747.

Supreme Court of Indiana.

Feb. 10, 2012.

*ORDER DENYING TRANSFER*

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals. The submitted record on appeal, all briefs that were filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Being duly advised, the Court now DENIES the petition to transfer jurisdiction.

The Clerk is directed to send a copy of this order to counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

SHEPARD, C.J., and DICKSON and DAVID, JJ., concur.

SULLIVAN, J., dissents with separate opinion, in which RUCKER, J., concurs.

SULLIVAN, Justice, dissenting.

The Wage Payment Statute, Indiana Code chapter 22–2–5, and Wage Claims Statute, Indiana Code chapter 22–2–9, provide two different procedural frameworks for wage disputes in Indiana, and each applies to different categories of claimants. *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele,* 766 N.E.2d 699, 705 (Ind.2002). The Wage Payment Statute provides the procedure to recover wages for employees who have voluntarily left their employment

or who are currently employed. Ind.Code § 22–2–5–1(b) (2007), *clarified by* Ind. Code § 22–2–5–0.3 (Supp.2011). The Wage Claims Statute provides the procedure to recover wages for employees who have been separated from work by their employer or whose work has been suspended as a result of an industrial dispute. I.C. § 22–2–9–2.

It is well settled that an employee who has a claim under the Wage Payment Statute can pursue that claim through litigation without having to pursue any administrative remedy with the Department of Labor ("DOL"). I.C. § 22–2–5–2; *see also* *Steele*, 766 N.E.2d at 701, 705 (concluding that current employee correctly filed claim in court under Wage Payment Statute). It is also well settled that an employee who has a claim under the Wage Claims Statute must first exhaust an administrative remedy with the DOL before filing a lawsuit. I.C. § 22–2–9–4; *see Steele*, 766 N.E.2d at 705 (noting that claimants under Wage Claims Statute must submit claims to the DOL).

The facts of this case do not fall neatly into these well-settled categories. Anna Quimby filed her claim after she had voluntarily left her employment so her dispute fell under the Wage Payment Statute. *Steele*, 766 N.E.2d at 705; *Hollis v. Defender Sec. Co.*, 941 N.E.2d 536, 540 (Ind. Ct.App.2011), *trans. denied.* But before she filed her complaint in court, she sought the DOL's assistance, even though she was not required to do so. At issue here is the effect of her submitting her claim to the DOL before filing this lawsuit.

Quimby filed an "Application For Wage Claim" with the DOL against Becovic Management Group, Inc., after voluntarily leaving her employment there. Appellant's App. 32. Her claim was set forth on a DOL-provided form. Above Quimby's signature at the very bottom of the form printed in tiny 8–point font was the following sentence: "Pursuant to IC 22–2–9–5, I hereby assign to the Commissioner of Labor all my rights, title and interest in and to the above certified claim for processing in accordance with the provisions of IC 22–2–9–1, *et seq.*" *Id.* The DOL later sent Quimby a letter notifying her that it had received her application, that her claim was being "mediated," and that the "mediation" process took several weeks. *Id.* at 49. The DOL then contacted Becovic, explained to Becovic that Becovic was not permitted by statute to have made certain deductions from Quimby's wages, and instructed it to pay Quimby $590.39 of the $787.31 she claimed. Thereafter, Becovic issued a check to Quimby for that amount, which she cashed. In the meantime, the DOL sent Quimby a letter stating that it "ha[d] attempted to resolve [her] wage claim administratively without success" and suggesting that she "file suit through the appropriate court." *Id.* at 55.[1] Quimby later filed a complaint against Becovic in Marion Superior Court.

The Court of Appeals held that because Quimby had assigned her claim to the Commissioner of Labor pursuant to her "Application For Wage Claim," she was not the real party in interest to bring the action in court; thus, the trial court properly dismissed her claim. *Quimby v. Becovic Mgmt. Grp., Inc.*, 946 N.E.2d 30, 34

---

1. Becovic paid Quimby what the DOL said it owed (check issued on April 20, 2009) before the DOL sent the letter to Quimby saying that the DOL's attempt to resolve her claim was unsuccessful and suggesting that she pursue her claim in court (letter dated April 27,

2009). Presumably, the DOL did not receive a copy of the check before it sent this letter. Roughly four months later, the DOL sent Quimby another letter stating that based on Becovic's $590 payment, the DOL's "investigation [was] closed." Appellant's App. 50.

(Ind.Ct.App.2011) (following *E & L Rental Equip., Inc. v. Gifford,* 744 N.E.2d 1007, 1010 (Ind.Ct.App.2001)). Moreover, it refused "to hold an employee, regardless of whether or why she is no longer employed by an employer, may bring a claim before the DOL, assign it to the DOL, and then bring the same claim in court if the employee is dissatisfied with the result obtained by the DOL." *Id.* at 33–34 (internal footnote omitted).

Quimby argues that she could not have assigned her claim to the DOL because the DOL is only authorized to take by assignment claims under the Wage Claims Statute and her claim is under the Wage Payment Statute. Specifically, she argues that the DOL can only take by assignment under Indiana Code section 22–2–9–5[2] those claims upon which the Wage Claims Statute has empowered the Commissioner of Labor to act under Indiana Code section 22–2–9–4(a),[3] which gives to the Commissioner of Labor a duty to investigate claims falling under the Wage Claims Statute. Becovic responds that the plain language of Indiana Code section 22–2–9–5 does not limit the types of claims the DOL may take by assignment, and it cites an Opinion of the Attorney General from 1941 and *Gifford,* 744 N.E.2d at 1010, in support of this position.

The plain language of Indiana Code section 22–2–9–5 suggests that the DOL may take by assignment claims like Quimby's, or at least it does not expressly prohibit the DOL from doing so. On the other hand, that section is part of the Wage Claims Statute, which suggests that assignment might be limited to only those claims. *See Roberts v. Sankey,* 813 N.E.2d 1195, 1198 (Ind.Ct.App.2004) (location of statute within Code helpful in determining legislative intent), *trans. denied.* Moreover, I note that the purpose (or at least the effect) of the administrative exhaustion requirement under the Wage Claims Statute is to create a barrier to court, *Lemon v. Wishard Health Servs.,* 902 N.E.2d 297, 301 (Ind.Ct.App.2009), *trans. denied,* and assignment to the DOL of claims falling under that statute serves that end. The same cannot be said for claims falling under the Wage Payment Statute, which may be brought directly in court.

I believe that we should grant transfer in this case to determine whether claims under the Wage Payment Statute may be assigned to the DOL, in part because it does not appear that the DOL itself is clear on this question. The DOL did not indicate in any of the materials that it sent to either Quimby or Becovic that it was the assignee of Quimby's claim. Rather, it referred to its services as "mediation" and even suggested that Quimby file the very lawsuit giving rise to this appeal. Neither

---

**2.** Indiana Code section 22–2–9–5(a), which was clarified by Indiana Code section 22–2–9–0.1 (Supp.2011), provides:

> The commissioner of labor is hereby authorized to take assignments of wage claims of less than six thousand dollars ($6,000), . . . and shall have power and authority to prosecute actions for the collection of such claims of persons who, in the judgment of the commissioner: (1) are entitled to the services of the commissioner; and (2) have claims which are valid and enforceable in the court.

**3.** Indiana Code section 22–2–9–4(a) provides:

> It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter. The commissioner of labor may hold hearings to satisfy himself as to the justice of any claim, and he shall cooperate with any employee in the enforcement of any claim against his employer in any case whenever, in his opinion, the claim is just and valid.

the instructions attached to the DOL's electronic "Application For Wage Claim" nor the frequently asked questions on the DOL's website acknowledge that it is taking these claims by assignment. *See* Wage Claim Instructions & Application (2009), *available at* http://www.in.gov/dol/files/ WageClaimInstructionsApp092407 Corrected.pdf (last visited Feb. 9, 2012) (stating the DOL "accepts Wage Claims as a service to resolve wage disputes"); DOL: Wage & Hour FAQs, http://www.in.gOv/ dol/2345.htm# 104 (last visited Feb. 9, 2012) (noting that current employees or those who have voluntarily separated may either file a wage claim or file a lawsuit). And, the language on its form states that the claim is being assigned for "processing in accordance with the provisions of [the Wage Claims Statute]," so it might very well be that the DOL only intends to take by assignment claims under that statute.

There are likely many other claimants in Quimby's position—claimants that do not have to but nevertheless seek the DOL's assistance with their wage disputes. Because the Court has decided not to grant transfer, I urge the DOL to examine this question and if it agrees with the Court of Appeals that in such circumstances it takes these claims by assignment, to revise its documents to make that clear to both the employee and employer, or if it concludes contrary to the decision of the Court of Appeals that it does not take these claims by assignment, to revise its form to remove this language.

RUCKER, J., concurs.