**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRISTOPHER K. STARKEY**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**FRED PFENNINGER**
Pfenninger & Associates
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COMMISSIONER OF LABOR EX REL LEMELANY S. MURPHY, | ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 49A04-1205-PL-275 |
| SHREE JI BAVA, LLC, D/B/A COMFORT INN SOUTH, | ) ) ) | |
| Appellee-Defendant. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-0711-PL-47795

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

The Commissioner of Labor ("Commissioner") ex rel. Lemelany Murphy appeals the trial court order that terminated proceedings supplemental and vacated its "order to put hold on account" held by Shree Ji Bava LLC d/b/a Comfort Inn South ("SJB"). Appellant's App. at 13. The Commissioner presents six issues for review, but we consider the following dispositive issues:

1. Whether the Commissioner or Murphy is the real party in interest and, therefore, the plaintiff in this case.

2. Whether the motion to intervene filed by the Commissioner's attorney, Christopher K. Starkey, is properly before us.

3. Whether the issue of SJB's alleged tortious interference with Starkey's attorney's fee contract is properly before us.

We reverse and remand in part and dismiss in part.

## FACTS AND PROCEDURAL HISTORY

On November 7, 2007, the Commissioner filed a complaint against SJB alleging that SJB had not timely paid Murphy, SJB's former employee. The complaint alleged claims under the Wage Payment Act, Indiana Code Sections 22-2-5-.3 through -3, and the Wage Claims Act, Indiana Code Sections 22-2-9-.1 through -7, but the prayer for relief referred only to the Wage Payment Act. SJB did not respond, and on December 13, the Commissioner moved for default judgment requesting damages in the amount of $750.00 and attorney's fees in the amount of $2,164.50. On January 9, 2008, the trial court

2

entered default judgment in the amount of $750.00 and awarded attorney's fees in the amount of $1,000.00.[1]

On February 7, 2008, the Commissioner filed a motion to correct error alleging that the trial court had improperly calculated attorney's fees. On February 11, the trial court denied the Commissioner's motion to correct error. On appeal, we held that the Commissioner had made a prima facie showing that she was entitled to $1,774.50 in attorney's fees and appellate attorney's fees and, therefore, we reversed and remanded. Commissioner of Labor ex rel. Murphy v. Shree Ji Bava, LLC, No. 49A02-0805-CV-416, slip op. at 1 (Ind. Ct. App. July 22, 2008) ("SJB I").

In July 2008, the trial court initiated proceedings supplemental and ordered SJB to appear. And in August 2008, the court ordered SJB to pay "plaintiff" an additional $2,164.50 in attorney's fees. Appellant's App. at 3. Later in August, the court approved an order to put a hold on SJB's bank account and answer interrogatories. In February 2009, the trial court approved a further request for attorney's fees, bringing the total of such fees owed by SJB to $5,557.50. The trial court approved additional attorney's fees in 2010.

In January 2011, for the first time, counsel filed an appearance on behalf of SJB. That same month, the Commissioner filed a motion to enforce a settlement agreement. In May, SJB filed its answer to the complaint, and the trial court entered its order denying

---

[1] The Default Judgment provides that it is for $750.00 plus $2,164.50 in attorney's fees, but the fee amount is struck with $1,000.00 handwritten in. The Chronological Case Summary provides that the trial court entered default judgment in the amount of "$1,750,300 plus costs and interest." Appellant's App. at 2. Neither party asserts that that amount is correct, and we assume that it is a typographical error.

the Commissioner's motion to enforce a settlement agreement and ordering further proceedings supplemental. That order provides, in relevant part:

1. On January 9, 2008, valid default judgment was entered against Defendant [SJB].
2. On August 20, 2008, Plaintiff properly commenced proceedings supplemental by verified motion.
3. On or about January 5, 2011, Plaintiff's counsel spoke by phone with a person identified as an attorney for Shree while attempting to execute a post-judgment order of execution upon Shree's property. The attorney indicated that full payment would be delivered to Plaintiff's counsel. Plaintiff's counsel decided to wait for payment, which never occurred.
4. Plaintiff does not show sufficient evidence of formation of an enforceable settlement agreement.
5. Proceedings supplemental to collect the judgment remain available, with or without [a] settlement agreement, and the Court accordingly sets this matter for further proceedings supplemental . . . .

Appellee's App. at 20-21.

In July, SJB filed a motion for clarification of the order denying the Commissioner's motion to enforce a settlement agreement. In that motion, SJB alleged, in part:

2. The court has not indicated whether the court believes that the final judgment is in favor of the Commissioner of Labor or Lemelamy [sic] Murphy.
3. The original complaint indicated that the cause of action for which suit was brought was assigned by the Commissioner of Labor to Lemelamy [sic] Murphy. A copy of the assignment was attached as an exhibit to the complaint.
4. The original complaint contained a prayer for relief in the name of Lemelamy [sic] Murphy and not in the name of the Commissioner of Labor.
5. The caption on this case continues to list the Commissioner of Labor as Plaintiff.
6. Plaintiff would be surprised to learn that the Commissioner of Labor knows that a judgment may have been obtained in his name.

4

Id. at 22. On July 11, the trial court entered an order clarifying that default judgment was entered in favor of "Lemelamy [sic] Murphy." Id. at 27.

In August 2011, the trial court approved additional attorney's fees against SJB for a total of $10,337.00. Then, on February 6, 2012, SJB filed a verified motion to terminate the proceedings supplemental hearing and to vacate the order to put a hold on an account and to answer interrogatories. In support, SJB alleged:

> The parties entered into a settlement agreement by which [SJB] provided to Plaintiff Lemelany S. Murphy a check in the amount of $2,000 in full settlement. The check was marked paid in full and also listed the cause number of our lawsuit which is 49D10-0711-PL-47795. One or more representatives of [SJB] had accompanied Lemelany S. Murphy to [SJB's] bank at JPMorgan Chase Bank whereby Lemelany S. Murphy cashed the check which was given to her in full settlement.

Appellee's App. at 28. The Commissioner filed a response, and, on March 19, SJB filed a renewed motion to terminate the proceedings supplemental hearing and vacate the order to put a hold on account and answer interrogatories. On April 25, the trial court granted the motion and entered its order terminating the proceedings supplemental hearing and vacating the order to put a hold on SJB's account and to answer interrogatories. The Commissioner now appeals.

### DISCUSSION AND DECISION

### Issue One: Proper Plaintiff and Standing

Several of the Commissioner's contentions on appeal are based on her argument that she, not Murphy, "is the Plaintiff" in the underlying matter. Appellant's Brief at 6. Thus, we initially consider whether the Commissioner or Murphy is the real party in interest in this case. "A real party in interest . . . is the person who is the true owner of

5

the right sought to be enforced. He or she is the person who is entitled to the fruits of the action." E&L Rental Equipment v. Gifford, 744 N.E.2d 1007, 1011 (Ind. Ct. App. 2001).

A quick review of the procedural history in this case discloses the identity of the real party in interest. During proceedings supplemental, SJB filed a motion requesting clarification of an order entered after final judgment, namely, the order denying the motion to enforce a settlement agreement. In its motion to clarify, SJB asked whether the default judgment had been entered in favor of Murphy or the Commissioner. On July 11, 2011, more than three years after the trial court's default judgment became final, the court issued an order concluding that the judgment had been entered in favor of Murphy. The Commissioner did not appeal that July 2011 order. Instead, the Commissioner filed a notice of appeal from the order terminating proceedings supplemental on April 25, 2012.

The July 11, 2011, order clarifying the identity of the plaintiff in essence modified the January 8, 2008, default judgment, which had been entered on "Plaintiff's Petition for Default." Appellant's App. at 0. The default judgment identifies the plaintiff only as the "plaintiff." Id. The complaint lists the Commissioner as the plaintiff, on behalf of Murphy, although it requests relief in Murphy's name. But the CCS lists the plaintiff as the Commissioner, and the Commissioner, not Murphy, engaged counsel to file the complaint. And the Commissioner's engagement letter employing Starkey to pursue Murphy's claim under the Wage Claims Act shows that Murphy had assigned her claim to the Commissioner. See Ind. Code § 22-2-9-5. Finally, and significantly, we recognized the Commissioner as the plaintiff in the prior appeal. SJB I, No. 49A02-

6

0805-CV-416, at \*1 ("The Commissioner of Labor on behalf of Lemelany Murphy appeals . . . .").

That the Commissioner was the party plaintiff was clear from the court record, the prior appeal, and the nature of Wage Claims Act proceedings. Murphy was the claimant, but she assigned her claim to the Commissioner. The default judgment was unambiguous, and there was no mistake or clerical error that required clarification. See Joachim v. Joachim, 450 N.E.2d 121, 122 (Ind. Ct. App. 1983) (court's order did not merely clarify its original decree but materially altered the decree's terms). The trial court's modification of the default judgment, naming Murphy as the plaintiff during proceedings supplemental, constitutes an impermissible collateral attack on the default judgment. See North v. Newlin, 435 N.E.2d 314, 318 (Ind. Ct. App. 1982). Thus, the July 11, 2011, order clarifying the identity of the plaintiff is a nullity. The Commissioner is the party plaintiff in this case.

We further conclude that the Commissioner's appeal is timely. The July 11, 2011, order clarifying the identity of the plaintiff, during proceedings supplemental, was an interlocutory order. While a discretionary interlocutory appeal from that order might have been pursued, no such appeal was required. Thus, the Commissioner's timely appeal from the order terminating proceedings supplemental was also a timely appeal from the order clarifying the identity of the plaintiff.

Next we turn to the implications arising from our determination that the Commissioner is the plaintiff in this case, specifically, the Commissioner's challenge to the order terminating proceedings supplemental. The trial court relied on its

7

identification of Murphy as the plaintiff when it granted SJB's motion to terminate proceedings supplemental. But, as discussed above, the Commissioner, not Murphy, is the party plaintiff. As such, the settlement payment made by SJB to Murphy neither satisfied nor settled the default judgment, and the Commissioner is entitled to seek execution on that judgment. See Ind. Trial Rule 69. Therefore, the trial court erred when it terminated proceedings supplemental in this case.

## Issue Two: Motion to Intervene

Next, the Commissioner contends that the trial court abused its discretion when it denied the motion to intervene filed by its attorney, Christopher K. Starkey, in the proceedings supplemental. Motions to intervene are governed by Indiana Trial Rule 24. That rule provides, in relevant part:

> (A) Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action:
>
>> (1) When a statute confers an unconditional right to intervene; or
>>
>> (2) When the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.
>
> (B) Permissive intervention. Upon timely filing of his motion anyone may be permitted to intervene in an action:
>
>> (1) When a statute confers a conditional right to intervene; or
>>
>> (2) When an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any

8

statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive administrative order, the governmental unit upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Ind. Trial Rule 24. The trial court has discretion to determine whether a prospective intervenor has met its burden under Rule 24. Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 812 (Ind. 2012).

But, again, we do not reach the merits of or express an opinion on this issue. Instead, we observe that an appeal is initiated by filing a notice of appeal. Ind. Appellate Rule 9(A)(1). Here, Starkey did not file a notice of appeal on his own behalf. He filed a notice of appeal on behalf of the Commissioner. Thus, Starkey is not a party on appeal, and his personal challenge to the denial of the motion to intervene is not properly before us.

Additionally, the Commissioner's argument regarding the denial of the motion to intervene is limited to the following: "Prior to Murphy's settlement, Commissioner's, Murphy's, and Starkey's interests were aligned. After, Murphy likely has no interest in the outcome of the case. Starkey was still owed attorney's fees, and hence the trial court should have granted his intervention." Appellant's Brief at 9. This argument does not demonstrate that the Commissioner has a personal stake in Starkey's attempt to intervene in the case. See U-Haul Int'l, Inc., 736 N.E.2d at 278. As such, the Commissioner has not demonstrated that she has standing to appeal the denial of Starkey's motion to intervene.

9

### Issue Three: Tortious Interference

Finally, the Commissioner contends that SJB tortiously interfered with Starkey's attorney's fee contract. Specifically, the Commissioner asserts: "SJB contacted Murphy and paid her money without knowledge of Commissioner's attorney. This interfered with his [Starkey's] contract with Murphy without justification, causing him harm in the loss of fees." Id. at 8. But, as explained above, Starkey did not file a notice of appeal. Further, on this record, the Commissioner has not shown the existence of an attorney's fee contract between Starkey and Murphy, that this issue was ever presented to the trial court, or that the Commissioner has a personal stake in any such contract, if any. Thus, any alleged tortious interference with Starkey's attorney fee contract is also not properly before us.

### Conclusion

The trial court's order determining Murphy to be the real party plaintiff is a nullity. The Commissioner is the real party in interest as evidenced by the pleadings, the nature of the action, and our decision in SJB I. Additionally, the Commissioner timely appealed the trial court's order clarifying that the default judgment was entered in favor of Murphy when it filed a timely appeal from the order terminating proceedings supplemental. Further, because the Commissioner is the real party in interest, the trial court erred when it terminated proceedings supplemental based on SJB's settlement payment directly to Murphy. As such, we reverse the trial court's order terminating proceedings supplemental and remand for proceedings consistent with this opinion.

10

We further conclude the Commissioner lacked standing to challenge the denial of its attorney's motion to intervene, nor did she show that any issue regarding the attorney's alleged fee contract with Murphy, if any, is properly before us. And Starkey did not appear or file an appeal from the denial of his motion to intervene. As such, we dismiss the appeal as to those issues.

Reversed and remanded in part and dismissed in part.

FRIEDLANDER, J., and BRADFORD, J., concur.