## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2019, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyler Flota,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 28, 2019

Court of Appeals Case No.
18A-CR-1950

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1807-MC-1915

**May, Judge.**

[1] Tyler Flota appeals the trial court's finding him in direct contempt.[1] Flota argues the trial court abused its discretion because it did not consider that Flota was under duress when he refused to testify. Because the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

[2] On July 3, 2018, Flota was subpoenaed to testify as a witness in the criminal trial of Kyle Fravel. The trial court held a hearing to determine if Flota would testify. Flota invoked his Fifth Amendment right against self-incrimination. The State moved for the trial court to grant Flota immunity. The court granted Flota immunity and advised him that he must answer questions and provide items that are requested. When asked if he understood and would testify, Flota originally said yes. However, upon clarification by his counsel, Flota told the trial court he would not testify. The trial court warned Flota that, if he did not testify, he would be held in contempt and incarcerated for 180 days. Flota acknowledged that he understood and still would not testify.

[3] The trial court immediately held a contempt hearing. Flota, by counsel, argued he would not testify due to fear for his safety while being held in the Vanderburgh County Jail. Counsel argued Flota had already been assaulted once while in the jail but could not specify the reason for the assault. No

---

[1] Ind. Code § 35-37-3-3(c) (2012).

evidence was presented to the trial court regarding the assault or any threats. Flota was found in direct contempt and sentenced to 150 days in jail.

# Discussion and Decision

[4] Flota argues the trial court abused its discretion when it found him in direct contempt for refusing to testify after being subpoenaed and receiving immunity.

> A party that is willfully disobedient to a court's order may be held in contempt of court. The order must be "clear and certain" in its requirements. It is soundly within the discretion of the trial court to determine whether a party is in contempt, and we review the judgment under an abuse of discretion standard.

*Witt v. Jay Petroleum, Inc*, 964 N.E.2d 198, 201 (Ind. 2012). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

[5] Flota claims the trial court abused its discretion when it found him in direct contempt for refusing to testify. Flota claims he was under duress, which kept him from testifying, and he notes: "It is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury." Ind. Code § 35-41-3-8. However, during the contempt hearing, Flota presented no evidence of a threat of serious bodily injury that would occur

if he were to testify.  Instead, Flota's counsel presented the following argument on his behalf:

> Your Honor, with all due respect, I understand the State of Indiana's position, however; my client is sitting in the jail and while the officers try to keep these people separate, the jail is overcrowded and it's probably close to impossible to keep my client safe and protected from any co-defendants in this case.  I can't remember if the other co-defendant, Mr. Merrick, is also in the jail, although I believe he is, so there are risk factors that my client has had to endure while he's at the jail.  The State of Indiana hasn't made any offers, hasn't been able to get him to a different facility, hasn't been able to keep Mr. Flota safe.  I believe at one point Mr. Flota was beat up at the jail, I don't know if it was regarding this or something different, however; he has significant concerns for his safety which is why he feels he cannot testify in this case because if he were to receive executed time on his own level 3 felony, it's possible that he could be placed at sentencing at or near the same place as the co-defendants if they are found guilty and that there will be ramifications for his actions.  So, for those reasons, I hope the Court understands why my client has taken the position that he has because he's trying to protect himself from any harm that he might endure.

(Tr. Vol. II at 10 (errors in original).)

[6]  Arguments made by counsel are not evidence.  *Blunt-Keene v. State*, 708 N.E.2d 17, 19 (Ind. Ct. App. 1999).  Flota was granted immunity and ordered by the court to testify under a subpoena.  Because Flota did not provide the trial court with any evidence of duress, we cannot say the trial court abused its discretion when it found him in direct contempt.  *See In re Caito*, 459 N.E.2d 1179, 1182

(Ind. 1984) (witness's refusal to testify, invoking Fifth Amendment despite being granted immunity, constitutes direct contempt), *cert. denied* 469 U.S. 805 (1984), *reh'g denied*.

# Conclusion

Because Flota did not provide evidence of duress, the trial court did not abuse its discretion by holding him in contempt when he refused to testify at trial after being subpoenaed and granted immunity. Therefore, we affirm.

Affirmed.

Baker, J., and Tavitas, J., concur.